FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

OCT - 2 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

| | | |
|---|---|---|
| JUAN EDWARD CASTILLO, | § | |
| TDCJ No. 999502, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL NO. SA-12-CA-924-XR |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER APPOINTING COUNSEL AND SETTING DEADLINES

The matters before this Court are (1) petitioner's motion for appointment of counsel, filed October 1, 2012, docket entry no. 1, and (2) the status of this case. Petitioner has not paid the five dollar filing fee in this cause or filed an application for leave to proceed In Forma Pauperis.

Background

In August, 2005, a Bexar County jury convicted petitioner Juan Edward Castillo of capital murder for the fatal shooting of Tommy Garcia, Jr. in February, 2003.

The Texas Court of Criminal Appeals affirmed petitioner's capital murder conviction and death sentence on direct appeal in an opinion issued May 2, 2007. *Castillo v. State*, 221 S.W.3d 689 (Tex. Crim. App. 2007). Apparently, petitioner did not thereafter seek review of his conviction or sentence from the United States Supreme Court via a petition for writ of certiorari.

Petitioner filed an application for state habeas corpus relief which the Texas Court of Criminal Appeals denied in an unpublished *per curiam* Order in which it adopted all of the state habeas trial court's findings of fact and conclusions of law. *Ex parte Juan Edward Castillo*, 2012 WL 3999797, WR-70,510-01 (Tex. Crim. App. September 12, 2012).

Motion for Appointment of Counsel

Petitioner's state appellate counsel, attorney Michael C. Gross, filed a motion for appointment of counsel on petitioner's behalf requesting that this Court appoint said counsel to represent petitioner in this federal habeas corpus proceeding.

The Supreme Court concluded in its opinion in *McFarland v. Scott*, 512 U.S. 849, 855-58, 114 S.Ct. 2568, 2572-73, 129 L.Ed.2d 666 (1994), that a state prisoner facing a death sentence possessed a qualified statutory right under former Title 21 U.S.C. Section 848(q)(4)(B) to the appointment of counsel in connection with a federal habeas corpus proceeding challenging his criminal conviction and death sentence. *Sterling v. Scott*, 57 F.3d 451, 454 (5th Cir. 1995), *cert. denied*, 516 U.S. 1050 (1996). Petitioner requests this Court to appoint counsel to represent him herein pursuant to the Supreme Court's holding in *McFarland*. In March, 2006, Congress repealed Title 21 U.S.C. Section 848(q) and simultaneously re-enacted same in substantially similar form as new

2

Title 18 U.S.C. Section 3599.  The Court will grant petitioner's request.

The attorney whom petitioner has requested be appointed to represent petitioner herein, San Antonio attorney Michael C. Gross, has been admitted to practice before this Court for more than seventeen years and is a veteran capital habeas litigator. Attorney Gross has ably represented numerous federal habeas petitioners in proceedings before both this Court and the Fifth Circuit challenging capital murder convictions and the imposition of the death penalty.  He fully qualifies for appointment as counsel for petitioner herein under Subsections (b) and (c) of Title 18, United States Code, Section 3599, which set forth the minimum experience levels necessary for lead counsel appointed in federal capital cases.  This Court finds attorney Gross's appointment to represent petitioner herein is fully consistent with the standards set forth in Section 3599.  Given the expertise displayed by attorney Gross in his many numerous prior capital habeas corpus proceedings, it is reasonable to believe said counsel will be able to file a federal habeas corpus petition on petitioner's behalf within a reasonable period of time.

The Court advises petitioner's counsel he is eligible to receive interim payments from this Court in connection with his representation of petitioner in this cause upon the filing of a motion requesting same.

Accordingly, it is hereby **ORDERED** that:

1.    Petitioner's motion for appointment of counsel, filed October 1, 2012, docket entry no. 1, is **GRANTED** as follows: in accordance with Title 18 U.S.C. Section 3599, attorney Michael C. Gross, whose mailing address is 106 South St. Mary's Street, Suite 260, San Antonio, Texas 78205, and whose telephone number is (210) 354-1919 is appointed counsel of record for petitioner herein.  The Clerk shall send to said counsel a copy of this Order and all forms and vouchers necessary to permit said counsel to comply with all requirements for obtaining reimbursement for expenses and payment for attorneys fees for services rendered in connection with this cause.

2.    On or before **January 11, 2013**, petitioner shall file, and serve on the Post-Conviction Litigation Division of the Office of the Texas Attorney General, his federal habeas corpus petition in this cause and include therein all grounds for federal habeas corpus relief petitioner wishes this Court to consider in connection with his capital murder conviction and death sentence.

3.    Respondent shall file his answer to petitioner's federal habeas corpus petition or other responsive pleading on or before sixty days after receipt of a copy of petitioner's federal habeas petition.  Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12 of the Federal Rules of Civil Procedure.

4

4.    Respondent shall serve petitioner's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b), Federal Rules of Civil Procedure.

5.    <u>Exhaustion and Procedural Bar Issues</u>  Respondent shall clearly and directly respond to the issue of whether petitioner has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in petitioner's pleadings filed in this cause as of this date.  If respondent denies that petitioner has exhausted available state remedies with regard to each ground for federal habeas relief set forth in petitioner's pleadings herein, respondent shall explain, in detail, those state remedies still available to petitioner with regard to each unexhausted claim.  In the event that respondent wishes to assert the defense that the petitioner has procedurally defaulted on any claim for relief contained in petitioner's federal habeas corpus petition, respondent shall explicitly assert that defense and identify with specificity which of the petitioner's claims the respondent contends are procedurally barred from consideration by this Court.

6.    <u>Abuse of the Writ</u>  In the event that respondent wishes to assert the defense that the petitioner has abused the writ, respondent shall explicitly assert that defense and identify with specificity which of the petitioner's claims herein either were

included in a prior federal habeas corpus petition by petitioner or could, with the exercise of diligence on petitioner's part, have been included in an earlier federal habeas petition by petitioner.

7.   <u>Second or Successive Petition</u>   In the event that the respondent wishes to assert the defense that this is a second or successive petition filed by the petitioner attacking the same state criminal proceeding and that the petitioner has failed to comply with the requirements of Title 28 U.S.C. Section 2244, the respondent shall explicitly assert that defense.

8.   <u>Limitations</u>   In the event that respondent wishes to assert the defense that the petitioner has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. Section 2244(d), respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period began to run and all time periods during which that limitations period was tolled.

9.   <u>State Court Records</u>   On or before thirty days after the date respondent files his answer or other responsive pleading in this cause, respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from petitioner's state court proceedings.

10.   <u>Petitioner's Reply</u>   On or before twenty days after the date respondent serves petitioner's counsel of record with a copy

of respondent's answer or other responsive pleading, petitioner shall file with the Clerk of this Court *and* serve on respondent's counsel of record any reply he wishes to make to respondent's answer or other responsive pleading.

11.   <u>Extensions</u> Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension <u>prior</u> to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with the applicable deadline.

12.   Petitioner is advised his court-appointed counsel is not required to accept collect telephone calls from petitioner or any person acting on petitioner's behalf and that said counsel is not required to expend said counsel's own funds to investigate any claim or potential claim in this cause.

13.   <u>Filing Fee</u>  On or before ten days from the date of this Order, petitioner shall either (1) pay the five dollar filing fee in this cause to the Clerk of this Court or (2) file a completed application for leave to proceed *in forma pauperis*, including a certified copy of petitioner's inmate trust account statement available from the law librarian at petitioner's TDCJ facility.

14.   The Clerk shall send a copy of this Order via first class mail with a receipt acknowledgment card enclosed to (1) petitioner, (2) petitioner's counsel of record, and (3) the Post-Conviction

Litigation Division of the Office of the Attorney General of the State of Texas, *attention Leslie Kuykendall.*

   **SIGNED and ENTERED this** _____ 2nd _____ **day of October, 2012.**


                              _____
                                   **XAVIER RODRIGUEZ**
                              **United States District Judge**