**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JUAN CASTILLO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| **V.** | § | **CIVIL NO. SA-12-CA-924-XR** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal** | § | |
| **Justice, Correctional** | § | |
| **Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

### ORDER DISMISSING PETITIONER'S REQUEST FOR GUIDANCE

The matter before this Court is petitioner's Request for Guidance from the Court, filed October 3, 2012, docket entry no. 5. Petitioner's request asks this court to furnish legal advise, i.e., issue an advisory opinion, regarding the possible application of the AEDPA's one-year statute of limitations to petitioner's federal habeas corpus petition, which this Court directed petitioner's federal habeas counsel to file on or before January 11, 2013.

There are several reasons why, at this juncture in this federal habeas corpus proceeding, it is inappropriate and unnecessary for this Court to resolve the question of whether the AEDPA's one-year statute of limitations might apply to any of the claims asserted by petitioner in this cause. First, petitioner has yet to file his federal habeas corpus petition. Thus, it is uncertain precisely what claims petitioner might assert. Second, neither party has yet furnished this Court with copies of any of the state court records revealing the procedural machinations which took place in petitioner's state habeas corpus proceeding. Thus, this Court has no means at present to independently verify most of the factual assertions underlying petitioner's "Request for Guidance." Third, if, as petitioner's

federal habeas counsel represents in his request for guidance from this Court, (1) petitioner's conviction became final effective July 1, 2007 and (2) petitioner was subsequently granted permission by the Texas Court of Criminal Appeals to file his state habeas corpus application retroactively and that state appellate court declared petitioner's state habeas corpus application to have been "timely filed as of October 11, 2007," there is a distinct possibility the AEDPA's one-year statute of limitations might have no application to a federal habeas corpus petition filed by petitioner in this Court on or before January 11, 2013. One of the few things that is clear at this juncture is that the Texas Court of Criminal Appeals denied petitioner's state habeas corpus application on the merits on September 12, 2012. *Ex parte Juan Edward Castillo*, 2012 WL 3999797, WR-70,510-01 (Tex. Crim. App. September 12, 2012). If all the facts are as petitioner's federal habeas counsel has asserted in petitioner's "Request for Guidance," it is distinctly possible there will be no issue involving the AEDPA's statute of limitations raised in this Court. Ultimately, the decision whether to raise the AEDPA's statute of limitations as an affirmative defense in this cause lies with the respondent's counsel of record.

Finally, the Court notes that, on more than one occasion, when confronted with an unusual or atypical procedural context for a petitioner's state habeas corpus proceeding, the Attorney General of Texas has agreed not to assert the affirmative defense of the AEDPA's statute of limitations based upon equitable considerations. Whether the Texas Attorney General will choose to do so in petitioner's case remains to be seen. Thus, petitioner's "Request for Guidance" seeks an advisory opinion which this Court may not issue.

Accordingly, it is hereby **ORDERED** that:

1.   Petitioner's "Request for Guidance," filed October 3, 2012, docket entry no. 5, is

**DISMISSED** WITHOUT PREJUDICE as unripe.

2.  The Clerk shall send a copy of this Order to petitioner's counsel of record and the Post-

Conviction Litigation Division of the Office of the Attorney General of the State of Texas, *attention*

*Leslie Kuykendall*.

It is so ORDERED.

SIGNED this 9th day of October, 2012.


_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE