# NO. WR-70,510-01

## IN THE TEXAS COURT OF CRIMINAL APPEALS

### AND

## IN THE DISTRICT COURT OF BEXAR COUNTY, TEXAS
### 186TH JUDICIAL DISTRICT
### 2004-CR-1661-W

## EX PARTE JUAN EDWARD CASTILLO

### THIS IS A DEATH PENALTY CASE
### APPLICATION FOR POST-CONVICTION
### WRIT OF HABEAS CORPUS

#### *Appendix: Tabs 1-30*

| | |
|---|---|
| **Hearing Requested** | **JOHN M. ECONOMIDY** |
| | ▮▮▮▮▮▮▮▮▮▮▮▮ |
| | **San Antonio, Texas** ▮▮▮ |
| | **Office:** ▮▮▮▮▮▮▮ |
| | **Fax: None** |
| | ▮▮▮▮▮▮▮▮▮▮ |
| **Oral Argument Requested** | **Attorney for Applicant JUAN EDWARD CASTILLO** |

# APPENDIX
# TABLE OF CONTENTS

**_Tab_**

1    Indictment

2.   Judgment

3.   Appeals Opinion, *Castillo v. State*

4.   Counsel's Prepared Cross-examination of accomplice
     **Francisco Gonzales**
      --From attorney's files
     --However, cross-examination was done by second chair counsel

5.   Counsel's Prepared Cross-examination of accomplice
     **Debra Espinoza**
      --From attorney's files

6.   Counsel's Prepared Cross-examination of accomplice
     **Teresa Quintero**
     --From attorney's files
     --Did not testify

7.   Counsel's prepared cross-examination of adverse witness
     **Lucinda Gonazles**, sister of accomplice Francisco Gonzales
     --From attorney's files

8.   Counsel's prepared cross-examination of adverse witness
     **Brian Brown**
     --From attorney's files

9.   Attorney Callahan's purple covered trial notebook
     --From attorney's files

10.  Vincent D. Callahan **_final_** attorney fee voucher of 9-6-2009
     **_corrected_** in amount of $**16**,310
     --From Bexar County District Clerk

i

11.  Vincent D. Callahan *final* attorney fee voucher for $**26**,310
     --From attorney Callahan's files

12.  Vincent D. Callahan *interim* attorney fee voucher of May 2, 2005
     for $3,625.00
     --From Bexar County District Clerk

13.  John W "Bill" Harris attorney fee voucher of January 31, 2006
     for $13,807.50
     --From Bexar County District Clerk

14.  Fax from Attorney Callahan to Attorney Harris of 9-5-2005
     collaborating on hours billed.
     --From attorney Callahan's files

15.  Raymond E. Fuchs (attorney of accomplice Francisco Gonzales
     of August 22, 2007 (tardy) in amount of $12, 235
     --From Bexar County District Clerk

16.  Affidavit of Juan Edward Castillo on number of visits received
     by counsel

17.  Letter of 1-16-2005 from Juan Castillo to Judge Herr that
     attorney Callahan has visited him only once since his arrest.
     --From Bexar County District Clerk

18.  Defendant's *Pro Se* Motion to Dismiss Appointed Counsel
     of June 2, 2005 with attached letter.
     --From Bexar County District Clerk

19.  Letter attorney Callahan to Castillo, January 9, 2004
     --From Attorney Callahan's files

20.  Letter attorney Callahan to Castillo, February 27, 2004
     --From attorney Callahan's files.

21.  Attorney Callahan's hand-scrawled Senate Bill 5 letter to defendant
     --From attorney Callahan's files

22.  Draft and Final Motions for New Trial
     --From attorney Callahan's files

23.  Attorney Callahan's Handwritten Notes from Review of
     District Attorney's Files
     ● 3-9-04, 9:50 a.m. Discovery notes from review of homicide
       report, 12 pages of notes
     ● 11-16-2004 disc(over) notes from review of DA file, 10 pages
       of notes.
     ● Notes from 5-2-2005 statement of Bryan Brown, 5-2-05 notes of
       Lucinda Gonzales, EMS Report, and Melissa Marie Pena.
     ● 7-20-05 notes, disc(overy), J. Castillo, 6 pages.
     --From attorney Callahan's files

24.  All requested subpoenas in Bexar County District Clerk's files
     in case
     --All from prosecution; none from defense attorneys.
     --From Bexar County District Clerk

25.  Attorney Callahan's written "Ideas" for Castillo
     --Reflects state exhibit numbers indicating this was not prepared
       before trial.  Back of last page is scratch paper with a date after
       sentencing.
     --From attorney Callahan's files

26.  Attorney Harris hand-written notes during testimony of
     accomplice Francisco Gonzales
     --Taken from attorney Harris's files.

27.  Cross-examination of accomplice witnesses drafted
     by second habeas attorney Economidy on proper way to
     prepare a cross-examination.

28.  Letter, May 6, 2005, attorney Callahan to Castillo saying he would
     stipulate to introduction Castillo's educational records (on page 2).
     --Taken from attorney Callahan's files

29.  Letter, January 21, 2005, attorney Callahan to Castillo saying he
     would stipulate to "dysfunctional" family history reported in
     Castillo's presentencing investigation report in federal court (on page
     2).
     --Taken from writ attorney Suzanne Kramer's files.

30.  Contents of attorney Callahan's files on forensic psychologist
     Dr. Jack Ferrell, Jr.
     ● Letter, September 16, 2004, from attorney Callahan to
       Dr. Ferrell on retaining services.
     ● Dr. Ferrell fax forwarding reports to attorney Callahan
     ● Draft competency finding
     ● Draft Competency Evaluation, Ltr Dr. Ferrell to attorney Callahan
       dated March 7, 2005
     ● Draft sanity evaluation, Ltr, Dr. Ferrell to Attorney Callahan
     ● Voucher for attorney Callahan to pay for Dr. Ferrell's services
       in the amount of $2,605 with attached billing dated April 21, 2005
       and attached motion and order.
       --All from attorney Callahan's files.
     ● Formal voucher signed by District Judge Herr

31.  Letter, April 1, 2005, attorney Callahan forwarding Dr. Ferrell's
     "mental health evaluation" without explanation of its contents
     --From attorney Harris's files.

32.  Letter, July 18, 2005, attorney Callahan to Dr. Ferrell on testimony
     --From attorney Harris's files

33.  Exchange of notes between Castillo and attorney Callahan during
     trial wherein attorney states that Dr. Ferrell will testify that mental
     health (IQ?) is within normal parameters and that Dr. Ferrell will
     testify that Castillo would not be a future danger in jail.
     --Extracted from purple covered trial note book, App'x Tab 9.
     --From attorney Callahan's files.

34.  Affidavit of defendant's mother, June Castillo

35.  Dysfunctional family history section of federal presentence
     investigation report

iv

--Extracted from attorney Callahan's files.

36.    March 7, 2005 letter, attorney Callahan to Castillo saying he he would respect Castillo's wish not to have mother testify.
--Taken from attorney Callahan's files

37.    May 20, 2005 letter from attorney Callahan to Castillo about collect call.
--Taken from attorney Callahan's files

38.    Attorney Callahan's June 10, 2005 letter to defendant's mother June Castillo with returned envelope.
--Taken from attorney Callahan's files

39.    Attorney Callahan's letter to Castillo's sister not sent until July 29, 2005.
--Taken from attorney Callahan's files

40.    Callahan note to Castillo given during trial advising jailed inmate to get his father to testify.
--Taken from attorney Callahan's files

41.    Sample opening argument by present habeas attorney

42.    Affidavit on standard of care, San Antonio capital murder defense attorney Mike Gross

43.    Castillo's notes to his attorneys during trial regarding sleeping jurors.
- "Every day of the trial, Ms. Cedillo is …
  --Taken from Castillo trial files.
- "I hope Ms. Cedillo don't fall asleep this morning."
  --Taken from attorney Harris's files.

44.    Letter, February 18, 2005, attorney Callahan to Castillo regarding client's depression
--Taken from attorney Callahan's files

45.    Letter, attorney Callahan to Castillo on if Castillo intended to
       testify
       --Taken from attorney Callahan's files

46.    Kevin Watts death penalty opinion from Texas Court
       of Criminal Appeals
       --From attorney's files

47.    Plagiarized brief for Kevin Watts death penalty appeal
       --Taken from attorney Callahan's files

48.    Plagiarized additional point for appeal brief
       --Taken from attorney Callahan's files

49.    Actual appeal brief in Castillo
       --Taken from attorney Callahan's files

50.    Attorney Callahan's $15,000 attorney fee voucher for
       appeal in Castillo
       --Taken from attorney Callahan's files

51.    Ltr, June 27, 2006, Chief Deputy Clerk, Court of Criminal
       Appeals on failure to state if oral argument was requested.
       --Taken from attorney Callahan's files

52.    Guidelines and Standards for Texas Capital Counsel,
       State Bar of Texas

53.    ABA Guidelines for the Appointment and Performance
       of Defense Counsel in Death Penalty Cases (Rev. Ed. Feb. 2003)

54.    Order 57726, Sixth Joint Order Amending Fee Schedule, Bexar
       County District Courts, December 12, 2003.

55.   Waiver and consent to Stipulations from *State v. Francisco Gonzales*, with attachments.
- 6-page homicide report
- 2-page statement of Francisco Gonzales
- Waiver of rights card.
- 2-page statement of Debra Espinoza of 12-7-2003
- 4-page statement of Debra Espinoza of 12-4-2003
- Medical examiner investigator's report
--From Attorney's file
--Lacks her third statement

56.   Plea agreement of Francisco Gonzales
--Taken from attorney Callahan's files (Used in cross-exam, Tab 27)

57.   Attorney Callahan notes from partially sitting in on suppression hearing of Francisco Gonzales
--Taken from attorney Callahan's files  (Used in cross-exam, Tab 27)

58.   Ltr, June 16, 2004, Callahan to Castillo saying he would see client in jail on test results.
--Taken from attorney Callahan's files

59.   Ltr, March 9, 2006, Callahan to Castillo stating he would present sleeping jurors on appeal if record supported the allegation.
--Taken from attorney Callahan's files

60.   Ltr, April 11, 2006, Castillo to Judge Herr asking that Callahan be replaced with new appellate counsel so that issues on ineffectiveness of counsel could be raised.
Taken from Bexar County District Clerk files

61.   Ltr, May 8, 2006, Callahan to Castillo that writ attorney will present a claim on ineffective assistance of counsel in writ application.
--Taken from attorney Callahan's files

# Exhibit 1

**FILED**

O'CLOCK_____M

FEB 2 4 2004

Clerk Of the Courts
Bexar County, Texas

BY_____ DEPUTY

NAME: CASTILLO, JUAN     ADDRESS:

CHARGE: CAPITAL MURDER     G.J. NO.:

COMP: TOMMY GARCIA     **2004** CAUSE NO. **CR   1461**A

DATE: **186th**     SID NO.:     OFFENSE CODE: 1011

CC: FRANCISCO GONZALES GJ ████████ N NO.:     /FELONY02-18.BR

WITNESS: STATE'S ATTORNEY

### TRUE BILL OF INDICTMENT

**IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS,** the Grand Jury of Bexar County, State of Texas, duly organized, empaneled and sworn as such at the   JANUARY                    term, A.D. 2004   ,
of the        399TH     Judicial District Court of said County, in said Court, at said term, do present in and to
said Court that in the County and State aforesaid, and anterior to the presentment of this indictment, and on or
about the

>3RD day of DECEMBER, A.D., 2003, JUAN CASTILLO, hereinafter
referred to as defendant, did then and there intentionally cause
the death of an individual, namely: TOMMY GARCIA, by SHOOTING
TOMMY GARCIA WITH A DEADLY WEAPON, NAMELY: A FIREARM, and the said
defendant did intentionally cause the death of TOMMY GARCIA while
in the course of committing and attempting to commit the offense
of ROBBERY upon TOMMY GARCIA;



Before the commission of the offense alleged above, on the 17TH day of SEPTEMBER, A.D., 2001, in Cause No. 2000CR5489, in BEXAR COUNTY, TEXAS, the defendant was convicted of the felony of DEADLY CONDUCT - FIREARM;

against the peace and dignity of the State.

_Martha C Smith_
FOREMAN OF THE GRAND JURY

---

THE FOLLOWING FOR DISTRICT CLERK'S USE ONLY

OFFENSE: CAPITAL MURDER

NAME: JUAN CASTILLO

ADDRESS: ███████████████

GRAND JURY NO.: ██████

FILE NO.:

OFFENSE CODE: 90114

SID NO.: ██████

JN NO.: ██████

WITNESS: STATE'S ATTORNEY

G:\LS\PC\FELONY\02-23-1

Repeater

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARGARET G. MONTEMAYOR, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE AND
CORRECT COPY OF THE ORIGINAL RECORD AS INDICATED
BY THE VOLUME, PAGE AND COURT ON SAID DOCUMENT.
WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE THIS

JUL 1 7 2009

MARGARET G. MONTEMAYOR
BEXAR COUNTY, TEXAS

By: _____ DEPUTY

**BACK OF PRIOR PAGE**

# Exhibit 2



# JUDGMENT OF CONVICTION - CAPITAL MURDER
## SENTENCED TO DEATH - INSTITUTIONAL DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS | NO. **2004-CR-1461A** | IN THE 186TH DISTRICT COURT |
| VS | | OF |
| **JUAN EDWARD CASTILLO** | | **BEXAR COUNTY, TEXAS** |

**JUDGE PRESIDING: MARIA TERESA HERR**

DATE OF JUDGMENT: SEP 9 2005

| | |
|---|---|
| APPEARANCES   DAVID LUNAN | APPEARANCES  VINCENT D. CALLAHAN |
| FOR STATE:    TONY REYES | FOR DEFENSE:   BILL HARRIS |

OFFENSE CONVICTED OF: CAPITAL MURDER – OTHER FELONY
19.03 (a)(2) PC

DATE OF CONVICTION: 08/30/2005

DEGREE OF OFFENSE: CAPITAL FELONY

DATE OFFENSE COMMITTED: 12/03/2003

CHARGING INSTRUMENT: INDICTMENT

PLEA TO JURY: NOT GUILTY

**VERDICT OF JURY:**                                                     **FOREPERSON : GEORGE E. ADAMS**
We, the jury, find the defendant, Juan Castillo, guilty of Capital Murder as charged in the indictment.

**VERDICT OF JURY:(PUNISHMENT)**
**FINDING ON SPECIAL ISSUE(S):**

ISSUE NO. 1: Is there a probability that the defendant, Juan Castillo, would commit criminal acts of violence that would constitute a continuing threat to society?     ANSWER: We, the Jury, unanimously find and determine beyond a reasonable doubt that the answer to this Special Issue is "Yes".
ISSUE NO. 2 : Taking into consideration all the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, is there a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed?  ANSWER: We, the Jury, unanimously find and determine that the answer to this Special Issue is "No".

**DATE SENTENCE IMPOSED:**     09/01/2005

**SENTENCE OF DEATH**
**(INSTITUTIONAL DIVISION): DEATH TDCJ-ID**
**CONCURRENT UNLESS OTHERWISE SPECIFIED:**

TIME CREDITED: N/A                                                     COSTS: $ 313.00

TOTAL AMOUNT OF                                               RESTITUTION TO BE PAID TO:
RESTITUTION/REPARATION: $ 0.00                     NAME:
                                                                                      ADDRESS:

On the  23rd day of August, 2005     the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, having been duly arraigned, entered a plea of  NOT GUILTY    to   CAPITAL MURDER – OTHER FELONY            . The trial was before a Jury who, after hearing the evidence, the Charge of the Court and the argument of Counsel thereon, rendered a verdict as shown above.

Thereupon, in accordance with the law, a separate sentencing proceeding was conducted. Evidence was submitted, the Jury was charged by the Court as to certain special issues and rendered a verdict as shown above.

NO. __2004-CR-1461A_____ ATE OF TEXAS VS. ____JUAN CASTIL._____

It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is guilty of the offense stated above as found by the verdict of the jury, and, the punishment is fixed in accordance with the Jury's verdict and as required by the Statutes of the State of Texas at DEATH and the State of Texas do have and recover of said defendant all court costs in this prosecution expended for which execution will issue.

The jury having been discharged and thereupon on the __1ST day of September, 2005_____ the Court asked the Defendant whether the Defendant had anything to say why said sentence should not be pronounced upon said Defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant and the Defendant's attorney, to pronounce sentence upon said Defendant as follows:

It is ORDERED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, be and is hereby sentenced to DEATH. The Defendant shall be taken by the authorized agent of the State of Texas or by the Sheriff of Bexar County, Texas, and by him safely conveyed and delivered to the Director of the Institutional Division of the Texas Department of Criminal Justice pending receipt of the Mandate from the Court of Criminal Appeals Sitting in Austin, Texas. The Defendant is hereby remanded to the custody of the Sheriff, until such time as the Sheriff can obey the directions of this sentence.

The Court finds that as of the date of sentencing, the defendant has been in custody on this charge for a period of __N/A____.

The Court thereupon fully advised the defendant that the Judgment of Conviction and Sentence of DEATH, is subject to Automatic Review.

SIGNED and ENTERED of Record this ___9th___ day of ___September___ 2005.

Notice of Appeal: __Automatic____

**MARIA TERESA HERR**
**186TH DISTRICT COURT**
**BEXAR COUNTY, TEXAS**

Prepared by_9171

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARGARET G. MONTEMAYOR, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE AND
CORRECT COPY OF THE ORIGINAL RECORD AS INDICATED
BY THE VOLUME, PAGE AND COURT ON SAID DOCUMENT.
WITNESS MY OFFICIAL HAND AND SEAL OF OFFICE THIS

JUL 17 2009.

MARGARET G. MONTEMAYOR
BEXAR COUNTY, TEXAS

By: _____ DEPUTY

**BACK OF PRIOR PAGE**

# Exhibit 3



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. AP-75,246

## JUAN EDWARD CASTILLO, Appellant

### v.

## THE STATE OF TEXAS

## ON DIRECT APPEAL FROM
## CAUSE NO. 2004-CR-1461A IN THE
## 186TH CRIMINAL DISTRICT COURT
## BEXAR COUNTY

HOLCOMB, J., *delivered the opinion of the unanimous Court.*

Appellant was convicted in August 2005 of capital murder. TEX. PENAL CODE §

19.03(a). Based on the jury's answers to the special issues set forth in Texas Code of

Criminal Procedure Article 37.071, sections 2(b) and 2(e), the trial judge sentenced appellant

to death. Art. 37.071 § 2(g).[1] Direct appeal to this Court is automatic. Art. 37.071 § 2(h).

---

[1] Unless otherwise indicated, all references to articles refer to those in the Texas Code of
Criminal Procedure.

After reviewing appellant's four points of error, we find them to be without merit. Consequently, we affirm the trial court's judgment and sentence of death.

In his first point of error, appellant claims that the evidence is insufficient to corroborate the accomplice-witness testimony as required by Article 38.14. Article 38.14 provides:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

Under this rule, the reviewing court eliminates all of the accomplice testimony from consideration and then examines the remaining portions of the record to see if there is any evidence that tends to connect the accused with the commission of the crime. *Solomon v. State*, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). The corroborating evidence need not be sufficient by itself to establish guilt; there simply needs to be "other" evidence "tending to connect" the defendant to the offense. We have noted that "unlike extrajudicial confessions, testimony of an accomplice need be corroborated only as to facts 'tending to connect the defendant with the offense committed' and not as to the corpus delicti itself." *Gribble v. State*, 808 S.W.2d 65, 71 n.13 (Tex. Crim. App. 1990). And "[t]he non-accomplice evidence does not have to directly link appellant to the crime, nor does it alone have to establish his guilt beyond a reasonable doubt." *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). There must simply be *some* non-accomplice evidence which *tends* to connect appellant to the commission of the offense alleged in the indictment. *Id.*

Francisco Gonzales and Debra Espinosa were accomplice witnesses for the State. Both testified that they, appellant, and Teresa Quintana planned to rob the victim, Tommy Garcia, Jr. Pursuant to the plan, Espinosa called Garcia and made arrangements for him to pick her up and drive to Clamp Street, a secluded area, for sex. As Garcia and Espinosa were parked on Clamp Street, appellant and Gonzales came up behind the car, appellant smashed one of the windows with the butt of his gun, opened the car doors and demanded that Garcia hand over his money. Appellant had a loaded gun, and Gonzales had a gun as well, but it was "just for show" because it did not work. Gonzales and Espinosa both testified that appellant shot Garcia numerous times as he attempted to run. Appellant contends that without this testimony, the evidence does not "tend to connect" him to the offense. Following is a summary of the key non-accomplice testimony.

Several people testified that they saw Garcia wearing his gold medallion necklace on the night of the offense. The necklace was described as a "spinner" medallion on a thick gold chain. Jessica Cantu testified that she saw appellant wearing the necklace on the afternoon after the killing. She told appellant the necklace looked familiar. When Cantu saw appellant a little while later, he was no longer wearing the necklace. Cantu told Garcia's mother that she had seen appellant wearing Garcia's necklace.

Frank Russell and Robert Jimenez both testified that they were at Jimenez's house with Garcia in the late night and early morning hours of December 2 and 3, 2003, when Garcia received a phone call from Espinosa. Garcia agreed to meet Espinosa and offered to

give Russell a ride home on the way. Jimenez testified that ten or fifteen minutes after

Garcia and Russell left, he received a phone call from Espinosa who was crying hysterically

and told him that someone had shot Garcia. Jimenez drove to Russell's and the two of them

went to Clamp Street where Espinosa said the shooting had occurred. When they arrived,

they saw Garcia's car with the doors open and Garcia lying face-down in the street. He

appeared dead. They told police what they knew about Garcia's plans to meet Espinosa.

Gerardo Gutierrez testified that in March 2003, he was an inmate in the same area of

the Bexar County Jail as appellant. Appellant told Gutierrez that he and two friends, Frank

and Bita, planned to rob a person, but "it turned out wrong" when the victim took off running

and appellant shot him numerous times. Appellant told Gutierrez that the female accomplice,

Bita, was the one who had turned him in. He also said they would have a hard time

convicting him because they did not have the weapon.

Lucinda Gonzales testified that she was the younger sister of Francisco ("Frank")

Gonzales, one of the accomplice witnesses. At the time of the murder, Lucinda was living

in the same house with Gonzales and his girlfriend Teresa ("Bita") Quintana, among others.

Lucinda testified that on the night of the offense, appellant called numerous times looking

for Gonzales, and eventually came over with his girlfriend, Debra Espinosa. Appellant and

Gonzales asked to borrow Lucinda's car, and she finally agreed to let Teresa drive it.

Appellant, Gonzales, and Teresa left in Lucinda's car around 9:30 p.m. that evening.

Espinosa left earlier in her own car. Teresa returned around 2:30 a.m., and she told Lucinda

that Gonzales had been arrested on a child-support warrant. The following day, Lucinda saw a news report about Garcia's murder. A couple of days later, Gonzales was charged with Garcia's murder and arrested. Later that day, Lucinda covertly listened in on a phone conversation between Teresa and appellant. Lucinda described the exchange: "I heard Teresa say that, you know, what was going to happen to Frank [Gonzales]. And [appellant] said nothing, because he didn't do it, I did it, but they ain't going to know it because they ain't got any evidence. . . . He said that he – after the shooting, that he had ran through an open field and he discarded the – he had a mask, gloves, and the gun, and that he threw everything in the open field." Lucinda called the police and reported what she had heard. A few days later, Lucinda confronted appellant and called him a murderer. Appellant made a threatening gesture toward her and told her that Gonzales was going to stay locked up.

Bryan Anthony Brown testified that at the time of the offense he was fifteen and living in the same house with his aunt Lucinda, his uncle Frank Gonzales and Frank's girlfriend Teresa, and others. On the night of the offense, appellant and his girlfriend came over. Appellant had a gun and a bullet-proof vest. Appellant, his girlfriend, Gonzales, and Teresa all left in Lucinda's car. Brown found out the next day that Gonzales had been arrested. A couple of days later, Brown was riding in a car with appellant and Teresa when appellant said that he had to get out of town, that he had shot someone a bunch of times, and that he had hidden the gun and vest in a field.

The above non-accomplice testimony includes evidence that appellant was seen

wearing the victim's necklace shortly after the murder, that appellant was seen with a gun and with the accomplices in the hours before the murder, that the victim made a plan just prior to his murder to meet one of the accomplices, that appellant told a fellow inmate that he and accomplices had planned a robbery, that appellant shot the victim multiple times when the victim attempted to run, that Lucinda overheard appellant admit to Teresa that he was responsible for shooting someone, and that Brown overheard a similar conversation between appellant and Teresa. This evidence is sufficient to "tend to connect" appellant with the murder and robbery. Art. 38.14. Point of error one is overruled.

In point of error two, appellant claims that the evidence is factually insufficient to support a finding that he robbed the victim or that he shot the victim. Evidence is factually insufficient when, although legally sufficient under a *Jackson v. Virginia*[2] analysis, the evidence is "so weak" that the verdict "seems clearly wrong or manifestly unjust," or the verdict is "against the great weight and preponderance of the evidence." *Watson v. State*, 204 S.W.3d 404, 414-15 & 417 (Tex. Crim. App. 2006).

Appellant refers to the testimony of Lucinda and Brown as "clearly unfairly biased, late in forthcoming, last hour rescuing, highly suspicious testimonies." He says that Lucinda and Brown "went into hiding" shortly after the offense and "conveniently surfaced" "in dubious support of" Gonzales's plea-bargain agreement. Appellant also suggests that Gutierrez was biased as the "ex-boyfriend of Francisco Gonzales's niece." Appellant points

---

[2] 443 U.S. 307 (1979).

to the testimony of defense witness Ralph Edward Pedrigone as evidence that Gonzales, not appellant, was the shooter. Pedrigone testified that he was an inmate in the same area of the jail with accomplice Gonzales and that after seeing a television news report about Garcia's murder, Gonzales stated, "[t]hat's the guy I killed. I mean they killed." Appellant also contends the evidence is insufficient to support the robbery element of the capital murder because the victim was found wearing five pieces of jewelry and had $574 and a baggie of marijuana in his possession.

While appellant points to factors that might bear on some of the witnesses' credibility, he does not demonstrate that the evidence taken as a whole was factually insufficient to support the murder or the robbery elements. Accomplices Gonzales and Espinosa both testified that they planned the robbery of Garcia with appellant and that appellant shot Garcia numerous times. Their testimony was consistent with and corroborated by the non-accomplice evidence described above. The fact that Garcia had money and jewelry in his possession after the botched robbery does not mean that appellant did not murder him in the course of "committing *or attempting to* commit the offense of robbery" as charged in the indictment. *See* TEX. PENAL CODE § 19.03(a)(2) (emphasis added). And the fact that some of the witnesses had credibility issues is not enough to declare the evidence factually insufficient. Appellant was able to question their credibility on cross-examination, and the jury found them sufficiently credible. Appellant points to Pedrigone's testimony as evidence in his favor, but the testimony of this one witness does not amount to such "great weight" as

to render the conviction "clearly wrong" or "manifestly unjust." Moreover, even Pedrigone's testimony does not exonerate appellant; it is subject to more than one interpretation and would still support a finding of party liability. Point of error two is overruled.

In point of error three, appellant claims that the death penalty is cruel and unusual punishment in violation of the Eighth Amendment. He contends that, under evolving standards of decency, the death penalty should be abolished, and he therefore seeks to have his death sentence commuted to life.

The death penalty does not violate the Eighth Amendment. *Threadgill v. State*, 146 S.W.3d 654, 672-73 (Tex. Crim. App. 2004)(citing *Jurek v. Texas*, 428 U.S. 262 (1976)). Appellant does not assert anything about the facts of his case that would render imposition of the death penalty unconstitutional as applied to him. *See Roper v. Simmons*, 543 U.S. 551 (2005); *Atkins v. Virginia*, 536 U.S. 304 (2002). Point of error three is overruled.

In point of error four, appellant claims that the trial court erred when it denied appellant's pretrial motion objecting to the testimony of the two accomplices witnesses on the ground that their testimony would violate Rule 3.04 of the Texas State Bar Rules of Professional Conduct, and 18 U.S.C. §§ 201(b)(1)(A), 201(b)(3). Appellant contends that because Gonzales and Espinosa had entered into plea-bargain agreements under which they would receive forty-year sentences instead of the death penalty in exchange for their testimony against appellant, their testimony violated the federal anti-bribery statute and the state rules of professional conduct and should have been excluded.

The vast majority of federal courts, including the Fifth Circuit, have rejected such claims about the federal anti-bribery statute. *United States v. Haese*, 162 F.3d 359, 366-68 (5th Cir. 1998)(concluding, consistent with cases cited therein, that "it is evident to this Court that Congress did not intend for section 201(c)(2) to be used when prosecutors offer lenity for a witness' truthful testimony" and to "interpret section 201(c)(2) in any other way would apply shackles to the government in its pursuit to enforce the law"). We agree with the rationale of the Fifth Circuit and decline to follow the sole authority cited by appellant, *United States v. Singleton*, 144 F.3d 1343 (10th Cir. 1998), which was vacated by an *en banc* court on rehearing. *United States v. Singleton*, 165 F.3d 1297 (10th Cir. 1999)(en banc)(vacating panel opinion and affirming trial court's denial of suppression motion).

Neither are we persuaded by appellant's claim under the state disciplinary rules. Rule 3.04(b) provides that a lawyer shall not:

> falsify evidence, counsel or assist a witness to testify falsely, or pay, offer to pay or acquiesce in the offer or payment of compensation to a witness or other entity contingent upon the content of the testimony of the witness or outcome of the case.

TEX. DISCIPLINARY R. PROF'L CONDUCT 3.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (TEX. STATE BAR R. art. X, § 9). Even if a plea bargain could be considered "payment of compensation" within the meaning of the rule, the plea bargain in this case was not contingent upon the content of the witness's testimony but only upon its truthfulness.[3]

---

[3] *See United States v. Barnett*, 197 F.3d 138, 144-145 (5th Cir. 1999)(quoting *United*
(continued...)

CASTILLO - Page 10

Appellant has not, therefore, demonstrated a violation of this rule.  Moreover, a disciplinary

rule violation is not a "violation of the law" for the purpose of excluding evidence under the

state exclusionary rule, Article 38.23.[4]  Point of error four is overruled.

The judgment of the trial court is affirmed.

Delivered May 2, 2007

Publish



---

[3](...continued)

*States v. Cervantes-Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987))("No practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises him a reduced sentence. . . . [T]he compensated witness and the witness promised a reduced sentence are indistinguishable in principle and should be dealt with in the same way.").

[4]   *Rocha v. State*, 16 S.W.3d 1, 14 (Tex.Crim.App. 2000); *Pannell v. State*, 666 S.W.2d 96, 98 (Tex.Crim.App. 1984).

# Exhibit 4

cross ideas

1. Francisco Gonzales — bro. of Lucinda Gonzales
                        — hus. of Teresa Quintero
                        — uncle of Bryan Brown

A. rep. for truthfulness of
   ~~Lucinda~~ Rubia Espinosa
             Teresa Quintero
             Lucinda Gonzales
             Bryan Brown

B. deal made to deliver testimonies of L.G. + B.B.

C. Several Statements:

   1. excuse of warrants to explain
      running to arresting officer
      J. Garza #175

   2. to Det Timm Angell #2395 on
      12-6-03, 1745 hrs, that you
      were robbed by 4 guys in a

car; hears gunshots later; denied involvement

3. Then "that fucking bitch, it was that whore's idea to do it"; that you didn't know the other male very well; that "Juanito" just went crazy + shot the complainant; that "I don't need a lawyer, because I didn't shoot anybody"

3A. Statement to Ralph Cedillo re scene himself
   A. South side killed with a pistol.
   B. You did it with a pistol.

4. debriefing on 5-3-05 with D.A., not signed, that D.E. calls set up the comp., that it was a planned robbery; that J.C. was to use gun (f.b. is much older than J.C.); that he was holding a .22 cal. pistol; that T.B. was in on the robbery (your own wife); arrived when D.E. was ~~fucking~~ performing oral sex on comp.

*[left margin, vertical:] 5. unloaded .22 cal. pistol*

D. AT PUNISHMENT:

1. You knew a killing would occur and you went along with it — J.C. had told you that he was a seasoned killer. — on 5-3-05 to the D.A. you said, "Juan told me he killed somebody at a dopehouse by shooting him in the face"

# Exhibit 5

(2.) Debra Espinosa — girlfriend of J.C., (body tatoos)

    A. rep. for truthfulness

                Francisco Gonzales
                Teresa Quntero
                Lucinda Gonzales
                Bryan Brown

    B. Several Statements
        1. Heard gunshots, but did not see
        who did shooting. Did not know
        either actor + would not be
        able to ID because they wore
                ski masks



2. a statement to your own sister, Dina Robles, denying knowledge + claiming victimhood

3. statement to your own mother denying knowledge + claiming to be victim.

4. exculpating statement to John Medlick + his roommate George Gruber at ▮▮▮▮▮▮▮▮

5. tel. call to Robert Jimenez + Frank Russell that Tommy Garcia a/k/a 'JR' had been shot

6. Tells Det Tim Angell on 12-4-03, 10:45 hrs that you had never met Francisco Gonzalez; then you said "ok, it was him, he was there" but that you didn't know his last name; that the comp. was your "fucking friend"

7. Then tells Det. Tim Angell that Frank Frank robs people; that comp. planned the robbery; that comp. was targeted because he sold drugs + had money; that you didn't know other actor; that you didn't know who fired the gun; and that you agreed to commit robbery

②

B. Third interview by Det. T. Angell
#2375 on 12-7-03, 1300 hrs. —
continues to deny knowledge of
Javan Castillo; then states that
F.G. & J.C. have been planning on
robbing somebody for 3 days;
that J.C. was wearing blue latex
gloves

C. What victim wearing
, no chain

# Exhibit 6

3. Teresa Quintero, wife of F.G.
   A. Rep. for truthfulness
      Debra Espinoza
      Lucinda Gonzales
      Bryan Brown
      Francisco Gonzales
   B. deal made
   C. Several Statements
      1. On 12-11-03 tells det that
      J.C., D.E., and F.G. left in
      a red car driven by D.E.;
      that F.G. calls her at 5:00 A.M.
      saying he'd been arrested for
      unpaid child support

2. 2nd statement to det. that you
drove F.G. to house of D.E.
early morning hours when shooting
happened; heard robbery being
planned; denies participation

(. Det Angell on 12-11-03
1400 hrs., can't find

A. car
B. Brian Brown)

3. 3rd statement on 8-30-05, 6:23 P.m
to Det Tim Angell that you didn't
know robbery was being planned;
did take F.G. + J.C. to robbery scene
and left; then that D.E. set up
victim; told to wait for F.G.; that
J.C. is "not all there"

8-15-05, 10:00 A.M. — 12:15, has G. info for me.

disc. notes, DVD of T.Q. on 8-30-05
6:22:28 P.m.
to det John Slaughter to 8:25:47 P.m.

gave 3 st.
① 12-11-03, 2:00 P.m. (no involvement)
② 12-11-03, 3:55 P.m. (present at planned robbery)
③ DVD, 8-30-05, 6:23 P.m.
to det (didn't know about planned robbery)
T. Angell

O.E.
F.G.
her/friend    J.C.
boyfriend    T.Q., then
of F.G.?    left 3.
or wife    at O.E.'s
house

3rd
· under warrant for agg robb.
· picked up J.C. at apts; not at
  scene
· she's off parole at last
· she's afraid of F.G., violent to her.
· at apts when J.C. comes in to other
  C. Castillo's apt.
· gives ride to J.C. who asked for ride.
· didn't know about planned robbery.
· J.C. changed clothes at apt; didn't see gun.
· can't remember blood; "Man" I think he
  had blood on his arms"
· afraid of J.C. who met F.G. in jail.
· didn't hear gun shots
· did know about planned robbery; then to pick
  ① up F.G.

```
BEXAR COUNTY        CRIMINAL JUSTICE NOTIFICATION SYSTEM       08/05/2005
  TEXAS                     - WITNESS LIST -                   13:54:29

  DPW:              COURT TYPE: DC   CASE NBR: 2004CR0216_____        CNOWSCI
     DEFENDANT: FISCHER, ROBERT WALTER
        COURT: D226   CASE NBR: 2004CR0216          LOCATION: BND  SCC:
     TRIAL DATE: 08/15/2005    TRIAL STATUS: C          OTD:
  A SFX O C TY   LAST NAME          FIRST NAME    M   BADGE#   STA STS DTE
  _ 33 B S L     AT&T WIRELESS                             ISS
  _ 34 A S L     HASKETT            HEDEL                  SVD 05-03-23
  _ 35 A S L     STAFFORD           JERALD                 NSV 05-05-10
  _ 35 B S L     STAFFORD           JERALD                 REC
  _ 36 A S L     KRAEKER            CHRIS                  NSV 05-03-21
  _ 37 A S L     RODRIGUEZ          LUIS                   NSV 05-03-21
  _ 38 A S L     FELIX              OMAR                   ISS
  _ 38 B S L     FELIX              OMAR                   ISS
  _ 39 A S PO    FOX                G            0536      SVD 05-03-16
  _ 40 A S PO    MORALES            F            0300      SVD 05-03-16
  _ 41 A S PO    SIMPSON            S            0539      NSV 05-03-16
  _ 42 A S PO    EWING              A            0532      SVD 05-03-16

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main         flip       bckwd frwrd print              quit
```

**BACK OF PRIOR PAGE**

- didn't know about robbery
7:16:53
- did take F.G. & J.C. to robbery scene
+ then left.
- J.C. got ride to apt from scene from
ex-neighbor friend. 7:26:08
- F.G. did not have a gun; F.G. told her
that J.C. (called from jail) shot guy
- 7:37:30 - final version; D.E.
setting up victim; F.G. & J.C. in front St.
- drops off F.G. & J.C.; then told to go
wt. for F.G. (no mention of blood)
- goes to apts.
- denies picking up J.C.
- J.C. told Brian that J.C. had killed 6
people.
- F.G. told T.Q. that J.C. told F.G. about
shooting guy in face + $20 bill floating
+ landing on chest (?)
- J.C. is not all there
end 8:21:50
- end 7:45:58/ then phone call / then different
to daughter    det. inv.
8:08:00
8:17:10 F.G. told her to pick him up at flea mkt.
- J.C. never told her he shot comp.
9:30:47    (7)

```
BEXAR COUNTY           CRIMINAL JUSTICE NOTIFICATION SYSTEM      08/05/2005
   TEXAS                      - WITNESS LIST -                   13:54:24

  DPW:           COURT TYPE: DC    CASE NBR: 2004CR0216                 CNOWSCI
       DEFENDANT: FISCHER, ROBERT WALTER
         COURT: D226  CASE NBR: 2004CR0216           LOCATION: BND  SCC:
    TRIAL DATE: 08/15/2005     TRIAL STATUS: C         OTD:
  A SFX O C TY   LAST NAME            FIRST NAME     M   BADGE#   STA STS DTE
  _  26 A S L    FLORES               JOHNNY                      ISS
  _  26 B S L    FLORES               JOHNNY                      ISS
  _  27 A S L    BIGGS                GARY                        SVD 05-03-15
  _  28 A S M    LOVE                 EDARD                       SVD 05-03-15
  _  29 A S L    BRAESCHE             APRIL                       ISS
  _  29 B S L    BRAESCHE             APRIL                       ISS
  _  30 A S L    SMITH                LINDSEY                     ISS
  _  30 B S L    SMITH                LINDSEY                     ISS
  _  31 A S L    MARTINEZ             MICHAEL                     SVD 05-03-15
  _  32 A S CR   VOICESTREAM          WIRELESS                    ISS
  _  32 B S CR   VOICESTREAM          WIRELESS                    ISS
  _  33 A S L    AT&T WIRELESS                                    ISS

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main        flip       bckwd frwrd print                quit
```

**BACK OF PRIOR PAGE**

# Exhibit 7

4. Lucinda Gonzales, sister of F.G.
   A. Rep. for truthfulness
                    Francisco Gonzales
                    Dabra Espinosa
                    Teresa Quintero
                    Bryan Brown
   B. His car at ████████
   C. Your mother, Matilda at your
      home on 12-2-03
   D. Your two daughters at your
      home on 12-2-03

where
grad?
h.s.?

4. E. Agreed with T.Q. to lie about T.Q's whereabouts

F. Statements

1. Tells night CID by phone on 12-8-03 that her family had been contacted by Juan Castillo and had been told where the gun was located that was involved in the murder
. Then you + your car disappear till May 2005

*

April, May '05 → 2. QR. debriefing

3. Trial testimony to you by J.C. to
. threat to kill
. do anything

G. Love your brother — for him — especially to help him avoid the death penalty

. before you debriefed, you debrief came out of hiding + debriefed with F.G.'s atty.

H. Of course F.G. told you soon after 12-3-03 what he had planned

# Exhibit 8

5. Bryan Brown

A. Resp. for Truthfulness
Francisco Gonzales
Debra Espinosa
Teresa Quintero
Lucinda Gonzales

why is it important to tell the Truth?

B. Overheard Juan Castillo say he had to get out of town fast, didn't notify police

Is God the repeater?

C. Sees Juan Castillo with 9 mm + vest on 12-2-03
, didn't notify police

where were you from 12-3-03 to 5-2-05?

Waited till 5-2-05 to give statement

E. gang affiliation: TWSK
Backwards Crack
Smoking Weed
Token
Throwing Up Wicked Shit Crew

Looking at someone in ct.?

Go to F.G.'s lawyer's office

F. Discussed w Lucinda Gonzales ways to help your uncle, Francisco Gonzales, by putting blame on Juan Castillo

Car on driver by from JC.'s L.G.'s house

G. Love F.G.

# Exhibit 9



**CORNER OFFICE**

perforated pages

# 1 Subject Notebook
## 70 Sheets - College Ruled
### 10 1/2 x 8 in. (26.67 x 20.32cm)

ITEM # 654813

Distributed By:
EAST WEST DISTRIBUTING CO.
DEERFIELD, IL 60015-4681
MADE IN CHINA



**FRONT COVER**
**PURPLE NOTEBOOK**

- accomplice witness  38.14, TCCP
- bargained testimony  19.02(d) TPC
- voluntary manslaughter;  2-20 yrs.
- automatic
- poss vs. prob (more likely than not)
  (not coin flip)
- credibility; police have more cred?
- desire to serve
- presumption of inn guilty?)
  (presume 'def guilty?)
- reasoned-moral response
  . mercy
- failure to testify
- mitigating factors irrelevant
- lesser included- felony murder + clearly
  one fel. + commit act dangerous to human life —
  5-99 life
- life boat scenario
- evolving stand. of dec.

Rep – Debbie Doolittle

7-15-05, 9:00 – 12:30, gen voir dire

9-167
10-56     7-26-05, 10:15 – 11:45, ind. voir dire
11-55            1:00 – 4:15, #2 great on not liking
12-40     no phone #'s or m. from def. P. re Sarg.; acc #1
          deal w/ D.E. Being considered by D.A.
          7-27-05, 8:45 – 12:15
          #5 – selected bad for st – accepted #2
          – seemed reluctant to listen to st
                1:15 – 3:50
Ages
1-58      #11 – very independent; leader; middle of rd.,
2-49           used 'shadow of a doubt'
3-50
4-49      7-28-05, 10:30 – 12:15
5-55      #12 – very smart; middle of rd.; independent
6-39            1:12 – 5:00
7-33      #17 – great on acc. wit.; smart; middle of rd.;
8-39            quick
Sex       #5 – ind.; middle of rd.; bright
1-m
2-F       8-2-05, 8:00 – 12:00
3-m       #17 – good on 'everyone should get fair trial'; middle
4-m            of rd.; good on credibility
5-m  12-F       1:00 – 5:00
6-F
7-F       8-3-05, 1:00 – 3:30; D.E. makes P.B.-40/75
8-m            agg robb.
9-m       8-4-05 10:00 – 11:45
10-F
11-m      #27 o.o.; will accept; bright; indep.;
Race           good on acc. wit.; good on prob.; not
               blood thirsty
H – III             1:00 – 4:45
B – i
W – HHT III

4-5-05, 8:15-12:00

#32 — good on acc. wit.; indep.; bright; very courteous to def.

#33 — bright; humorous; indep.; good on acc. wit.; "I could never kill anyone."

1:00 — 5:00

J.C. won't give B# or add.) of mother.

4-9-05; Bench warrant approved for Ralph Ferd. gone; Impeachment wit. against F.G.

D.E. entered plea bargain yesterday

8:00 — 11:45
1:00 — 11:45

8-10-05  8:30 — 11:45
         1:00 — 4:00

49 — middle of rd. good on acc. wit.; likeable; ind.

8-11-05  1:00 — 4:30

def almost released by mistake; def does not take advantage + discloses situation; Bill + I agree not to tell D. Juran.; def writes notes about this to me for argument's sake

8-12-05  8:15 — 11:45  |  1:00 — 4:30

62 — ind., high edu., leader, strong on toll law; being reason able in one sp. iss's

Arrest - 7-22-02 by St.

8-22-05, 9:30-11:45          Reduct - 9-4-03
meeting w/ Williams       Arrest - 12-2-03 (gst
                          (capital)
8-29-05, 8:00 - 5:45       Plea - 1-8-04
Invoke Rule ; possible glitch on Perdigone

Debra Espinosa    ) re 104a mot
Teresa Quintero  )

Ralph             ) re due diligence
Perdigone

9:25 - jury in, sworn, alternates inst,
       duty not to discuss;

7:51 - Lunan opening
       early Wed. morn, 12-3-03
       invitation to fool around
       19 yrs. old    known as J.R.
       said goodbye to buddies
       D.E. — 26 yrs.
       D.E. — new boyfriend, J.C. + had
               drug problem
       12-2-03          D.E.
       plan by def — T.Q. — for robbery
                       D.E.
       J.R. at home of Robert Jimenez
       when D.E. calls
       T.Q. to drop off F.G. & J.C.
       D.E. — sexual contact w/ J.R.
       J.C. pulls J.R.  F.G. pulls D.E.
       J.C. shoots J.R. who was running
       J.C. + F.G. flees on foot
       D.E. goes to home, then calls
            Robert Jimenez

PAGE 3

- homeowner calls 911 & relays event
- Robert Jimenez arrives — live &
  cry to D.E
- J.Q is getaway driver
- F.G arrested afterchase
- D.E admits robbery plan w/ F.G —
  not homicide
  - didn't know J.C
- Then F.G admits robb plan — not
  murder (J.C.'s idea)
- 4th interview of D.E — knows J.C
  her boyfriend (loved him-feared
  him)

10:01   B/) Harris opening
- agree w/ most of grid
- J.C. not connected
- 3rd party
  - Rudy Lira
  - Jer. Quint

10:05   D/ees Mary Lou Garcia

- Gale involved

all on        → 11:30 P.M
step on
evening 7 /          jersey
  12 / 01 /           watch
  12"       →        ear ring
                     necklace
  wearing          spinner
  what jewelry      wheel —
                    like on car
                    gold

· size of silver dollar
· owned 2 months prior

· laying on
6x2

chain
gold
silver

size of
chair

· never got cell phone
+ keys back

· nor medallion

nd
bits of
chair
under
deceased
head or
head?

· solid cord gold
chain  1/2 size
little finger 14k.
gold clasp.

10:27 - Direct, John MEDLICK.

9710 Clamp
· last 10-12 yrs
· w George Gruber at time.

· heard 5 - 7 shots; "I'm a veteran
so I know"

Debra Spinosa he's
claims
victim

then
D-ing
away

PAGE 5

George + D.E. — looking at
body
then D.E. wanders
off w no explanation

. checked pulse

. another guy arrives; was 1st,
best friend of victim

D.E. of
saw
see him          D.E. — 25-30 yrs
rifling          1/2 wt 1/2 b.
pockets,         135-140 lbs
remove
necklace

saw
George Espinosa
Debra 1st to arrive
& 1st aid

Harold
chain
around
neck

11:10 DIRECT, George Kreber

    heard gunshots; asleep
    heard girl screaming
    calls 911
    st. — 10 yds away

    D.E. — "she needed to use the
        phone"

      — "They robbed him, they
      shot him, they
      killed him"

They all go outside
    very dark

Kreber & D.E. go to guy
    · see pool of blood
      face down
      1st cop rolled over body
      · get ck'd vital signs

pants up · D.E. To Buchanan then
down
, bracelet  rt on Buchanan (west)
, necklace        empty car on other
, wrist watch    side
, earring

**PAGE 7**

noticed another car

2 Hispanic males

upset

knew do

see them taking off w/body

wouldn't speak;

left quickly

dozens of people showed up

saw no jewelry

"I don't remember"

5x9 taken long after you approached

can't know who took it or when

don't recall

11:40 Direct, off Victor Gonzales
           SAPD
  sent by dispatch — shots fired
  1st to arrive at scene, ▓▓▓▓▓▓▓▓
  saw 2 friends at scene saying friends
     of deceased
              in green cadillac

deceased ?  Chevy Camaro ← victim
   w/                            car
  necklace

  2 come out of house (George Gilbert
     Maddick)

  D.E. had to run because she had
  warrants.

2 friends                    [ when took
where when                    inventory
you arrived                   of property ]
            bent over body
            close to body    [ when Photos
                                of deceased ]
[ gave name of
   female
        D.E.          Higgenbotham brings
                      D.E. back to scene

        jewelry

12:05 - recess to 1:30
1:30 - back in, def says mom's location unk.;
       she's homeless; father is providing
       clothing; only assoc. with def since he's
       been locked up.

ref. to
def. in
comp.
which they
she lives
and works
for
frightful

1:40 - jury in
      - direct, Sgt Matthew Podivka
              SJPD
      . evid unit, crime scene, video,
        camera, etc.

photo large
of gold
bracelet

recovered
  . silver/gd watch
  . gold nugget bracelet + wrist
  . small gold earring - L ear
                        - rear money
                        - left rear pkt - L.P.
  - #450 in "
  - # $240
      , small amt of marj

Lunan told me that T.Q
told Huntzinger that
def. told her during the
ride that he killed JR
because of the sex with
D.E.

\#58.
Where did 'm
found m?       3:05 - recess to 3:15
[?] format       one! 3:25 - Direct, Frank
end            Russell

Zloyre.

where did              12-2-03, late
J.B. keep Towel         & early
his man car w          12-3-03
or door

rep of          discuss apartment     playing
D.E.            your address          Playstation
truth  chilling who went to          (took game
smoking    mary   Elizabeth Lamna    with him,
with              lamna               JR did)
JR                                    1st time saw
clothing                              JR
enelig   describe                     1:00 PM      there
                                                   stay Day?

JR didn't get
there till from
midnight from
his mothers?
or was
he there at 6:00 P.M.?

PAGE 11

JR. gives him ride home

So you weren't there
when D.F. called
Robert Jimenez

got called by Rob

JR had been shot, we
needed to go so we
could help him

how did you know to go
to ████████

1st to re?
a spire?

JR/Josh,
Rob's
house

then saw neighbor
who spoke about
DF + warrants
Story

then police
arrive

they knew
finger

size of
Chair

size of arm

8.4.08 Direct. off. Dan Higgenbotham
SAPD

(Gonzales
tells you
he's running — did he
because he had have
drugs & warrants drugs

(DF says he got
fired got
shot

4:25 Off. Jimmy Garza
SAPD

. sees ind. going n or motion)
. matched descrip given by Higgenbotham
. spoke to F.G.

↓ "There's been a shooting
down the street, you
need to go.

GSR performed          F.G.
refused
to g've
& tate

4:40 — Direct, Louis Tijerina

Crime scene unit, SAPD

evid. tech

GSR tester

video tape of crime scene

med exam
gents wallet
+ money
(female)

5:20 — break

, Luган says ex-inmate
has come forward +
will inculpate def who
made admissions while
his cell mate

8-24-07, 8:00 —

9:30 — jury in
— direct, Ralph
Looney

Def rejects plea notion
gets 74 + AK-47 (30) +
Cap 40 for plea.

· fingerprint, latent, examiner ?

identify                    Known
Rudy                        source
Luna                        Rudy?      Known
                            of Luna    source
                                       Frank

If 7 y 2 had legit's prints

— req. comp. as to def
Frank Russell — Luna
J.C. Francis Gonzales
+ Debra Espinosa

Where
prints

possible fake prints
to fake prints
finger broken
from
hair + know
you don't
who did
suspect

· exterior driver's
  side door — 2nd
  print, negative

3rd — Rudy Luna
on driver's side
door

· 1st print — Frank
  Russell — SXHO

9:56 — DIRECT, Rick Lyne

saw him night he got
shot, 12-2-03
at K-Mart

gold /silver
chain
gold watch
gold bracelet
silver earring

10:03 DIRECT, Reginald West
Constable, Prect 4, dep.

area by flea mrkt.
12-2-03, working there
Alfredo Valquez
"There's a mask
over there"
mask on N side of
prop. found.

20:15 — recess to 10:25

Direct, Robert Jimenez

Frank
Russell
told JBR
don't go
with D.E.

You don't really remember a lot about 1&2 - because you were high on marij

rep "I" 2½ yrs
Frank/Russell
for being
truthful

know?
F.R - rep for truth

J.R.? ?
rep

tickets in orange

tried
D.E.

Expect
friendly
for Post.

rep D.E. for
being truthful

when did JR
arrive at your
house to
play playstation
only one
controller
Bade
figures

thickness
of chair
type of
wrap

11:30 -
12:00

discuss your
testimony
with
Frank el
 rush

What does
chilling mean.

Frank Russell
checked
J.R.? vital
signs

Got blood on
your hands

co blood no to
Drive through
crime scene

10:55 Direct, Det. Michael Garcia

SAPD, evid unit since 97
contacted 12-4-87? from
Off. Montejana

another ski mask
found
found by took photos
collected mask

11:07 Direct, Michael Martinez

Senior forensic scientist
for trace evid.
GSR tester

Tested F.G. + his clothes

on clothing
on F.G. }  negative   no
glass
no foreign
hair
how time
antimony
+ barium
removed

11:35   Direct, F.G. (in orange)

would be a simple robbery
"I only played a little
role"

guns from Carlos' apt
12:20 — recess to 1:45 p.m.
2:00 — dx1 — admitted re 2 pend. mis
on Rudy term

direct. cont'd                    | Black juror claiming
                                  | to be ill — wants
                                  | out.

(J.C. wore
- blue latex
gloves

(arrived when
D.E. was performing
oral sex on corp.

(trial testimony — 1st
time mentioned
gun unloaded

told cellmates
Ralph Ferdizone and others
or about Jan. 8, '04 (
"That is the gun I
killed" after t.v.
news

(you wrote killer
oath side
above your
bed in jail

3:00   Direct, James Fennimore

observes older, 80s
model, small square
car turn around in
drive way + drive off
— after shots

lt blue or Silver
Toyota or Datsun

see if
head of
driver

short
Passor

can't
identified
drivers es
T.O.

3:20   Direct, LUCINDA Gonzales

sister       Gonzales
Francisco              — now 33 yrs.

3:52 Direct, Det. ___ Menefee

SAPD; night CID

nothing about
Gonzales
overhearing whispered
phone conversations
between J.C.

of retaliation threats

fear of actual death
not of

4:00 - recess to 10.15 A.M.

8-25-05

7:50 — 8:30 jail
visit — Perdigone
(did not write
statement, but
will testify; worried
about not getting
credit)

D.A. has ex-inmate
Gerardo Gutierrez
who will testify
that def made
inculpating admissions

save till
Jail

10:50 — Jury in

You are
F.b. neice's
boyfriend

-Direct, <u>Gerardo Gutierrez</u>

Called
Juan
Castillo
"Mr. Sit"

to make funds
F.G. who called
himself the
"Southside Killer"

you called
yourself
northside killer ?
Jerry
1 et 2010

planned to rob
persons w/
Frank +
Rita

waited till
news this
Mon. to
come forward

shot 4 times

female accomplice
was snitch → Rita

close to other
each other

needed leave something
back, to tell
society, who you
killed

11:30   DIRECT, Debra Espinosa



"who shot JR"? — JC did

(lied to eyewitness neighbor

(JC, becoming agitated + loud, whispering)

(ran to sister
lied to her

why not
run to TO
where TO
was parked
+ waiting?

(lied to 1st
policeman

(ran to house
to contrive role
as a
victim

(lied to
mother

(lied to
officer at
scene

(busted — right
before he JC who
shot JR — up
was standing

(lied at
police sta.

(didn't call the only
police — you called
(called Robert Jiminez

12:00 — recess to 1:15
1:15 — in ct

.402 — overruled
.403        (re: phone calls from pd)
Crawford    to apt of Carlos
            Castillos apt.)

Saw 2 after
days after
but dad
but he had
"not burned
out of here"

go by name
Debbie Esparza

(he) had comed
identify 3C
S.C. before as doing
before after homicide

with SC
when 9 yrs on
beating on
yrs

2:11   Direct, Bryan Brown

2:36   Direct, Jessica Cantú

· Carlos Castillo cap ▬▬▬▬▬
his friend ▬▬▬▬
McCullom h.s.

knew J.R., saw him 2 days
· before shooting

· visited Carlos Castillo, afterwards
· Gilbert Flores
· Charlie Brown
· Joseph Ortiz
· Juanito
· cut-off shirt
· necklace
· looked like
JR's necklace
· long gold
· diamonds

she didn't
describe
necklace
as "spinner"

- facial hair / bald on t.v.
- JC goes to C. Castillo's apt — but stays in van

    · Carlos & Gilbert go to van

- Then police come looking for (var (who had left in blue van)

    · 9 mm seized, negative test

2:54 — recess to 9:15

JG won't tell me
where his mother
is

8-26-05 ; 8:00 —

9:26 — in ct ; obj to pleading ▓▓▓▓
9:36 — jury in,
✓ cross, contd
    A x 4 & A x 5

9:45 — DIRECT, Det Chris Viera

    evid unit, re search of ▓▓▓▓
    ▓▓▓

Mr J.G. not present

        ski mask at flee mkt.
        search April 20, '05
        re-getaway veh.
        luminol
        prog. on pass.
        side

(routable
(bills, cable
rr. bills,
clothing
(job

(don't find
keys of phone
cell phone
(car search
'05
(car hidden away
car

when car
was
found

PAGE 29

· blood on crease of carpet
in ft seat passenger

Criminolgst
destroyed later
The making further
DNA testing
impossible

11.10 — m.ct; () req. D.A. inv. to go to
jail to look for South-
side killer, etc, graffiti
— see note from J.C.)

11.52 — jump in.
— Direct, off Mark Harris
SPPD
· R. Seards of ████████████
· Dec '03 — Search ███████
· looking for J.C.!

(did not
present anything or prop. · siezed cell
(no clothing or prop. phone.
(no utility
bills

11:22 — Direct, Off. Tim Fuller
SAPD, gang unit

· 12-10-03 — re ▓▓▓▓▓▓▓▓▓▓
1850 hrs — arrest warrant service
for J.C.

· met Carlos Cantillo, Jessica Cantu,
not J.C.
    AK-47 + 75 drum
    Mac 11, 9 mm pistol
    shotgun
    bullet proof vest
  ·various ammo
        · legal in residence

    · Carlos Cantillo claimed
    ownership of all

· location at ▓▓▓▓▓▓▓▓, later
looking for J.C., 8:45 P.M.

    · met Eli Cantu
    · J.C. present, arrested
      · no search
      · no weapons found

**PAGE 31**

1132 - Det Timin Angell
case agent in chief

Lucinda Gonzales
+
Brian Brown
+ car disappeared
her disappeared

Francisco Gonzales
Debra Espinosa

youre never remember
truthful w
you to
this Jury

no forensic or
physical evid. Castillo
linking Juan homicide
to this

read all the statements
+ police reports
in this case
because you are
the chief case
agent

1ST

Crawford v Watt

- Victim's car + keeps share
- Victim's cell phone
- not found share on Ski, said where they found — where they should be — if F.G. the truth you were telling

- I told F.G. that his clothes had bits that was flash — but that was not true

- why did D.E. pick Tomaxborow JR.

- never told you that the gun bullets that he had — no 3 state used him took that he to admit that he had a gun

- Wanda Gonzales didn't want to be conspirator to a murder on her bro either (F.G.)

- Debra Espinoza said J.C. cut his hand his photo

* How can it be capital if no money was taken? — 1st time I met him — killer — Ques.

**PAGE 33**

CA

took photo of hands of J.C.

12:05 — recess to 1:30 | Def. won't make decision on Testifying

1:15 — in ct.

who was a suspect in an opinion is a gun shit to

It is the previous Judge will not decide the executive branch of gov't

fel-murd: argument

- Read notes from F.G. + D.E.

int to rob, not to kill

no money taken

inference that J.C. abandoned the robbery when he saw the oral sex, and formed the intention to commit homicide. murder during the course of a felony

inference that J.C. manipulated F.G. + D.E. into thinking it was a robbery when in fact it was a murder

2:35  DIRECT, Ed Love

firearms + tool mark examiner

shells + cases — all fired from same gun

juror far rt bottom chewing gum told me after lunch "don't go out there (2nd floor smoking ledge) it's still too hot" I said, "I can't talk to you" and kept walking

3:00 — recess to 3:10
3:15 — in ct

3:20 Direct, Lonnie Ginsburg

DNA guy

no dabs DNA - inconclusive

PCR method of analysis -
standard throughout
world.

Carpet from car
, no blood

original
effect

identifying
testing
probability?

level of potential?, it's

typographic

10^6 result
2

3:35 - Direct, Vincent D. Maso

autopsy - 12-3-03, 1:30.
forensic pathologist. p.m.

cut
or knives
body over
Castillo

, blight evid — Lucinda
of guilt

4:30 st. reads
mot. judg acq. — denied
chg Conference
def to st. Tues.

accomp mat of law:
- Debra Espinosa
- Francisco Gonzales
- Lucinda Gonzales
Conspiracy — Bryan Brown
as
lesser    or as matter of fact

lesser fel murder — prev. notes
reg. chg.

murder — prev. notes

5:15 out

9-29-05, 10:15 - 11:15

- hearing on 14th juror - death in fam. lp -
- excused by ct
- def says he'll testify

- prepare final argument - 12:30 -

- Perdigone reluctant to testify

8-30-05, 8:00       F.G. intimidated
him.  admitted
mot 2 vdq adj or    denied    saying
inst. recd                      it

(no promise
or payments
for test)
for

9:30  Direct, Ralph Perdigone.
      re F.G.

9:51  defense rests
      - Direct, Mary Loubracia
      was st's 1st witness
      · J.R.'s step mom
      · got call from JR's grandmother
        Barajas
        · from J.R.'s cell
        phone

9:55 — st. rests
— close/close

10:20 — chg. conf.
  — lesser of murder given
  — def wishes to voluntarily
    absent himself
  — lesser of fel. murder
    denied

10:30 — in cell, def. promises to behave;
  if conv., he wants no
  cross of st's witnesses —
  and wants d.p.

11:16 — recess to 12:30

12:15 — in ct.

12:32 — judge in — ; def in

12:37 — jury in
  — chg. read

12:57 St.'s open; Tony Reyes

1:24 — Bill's closing

1:45 — me

2:03 — rebuttal, Lunan

2:26 — jury deliberates

6:20 — verdict buzzer

6:25 — jury in

— guilty cap mur; jury polled - unanimous

6:30 — recess to 9:15

8-31-09, 8:00 —                    def wants
                                    death pen;
                                    no cross of
                                    wit. represent
                                    self

9:32 — judge in

. Ct orders that def can rep. self
  after admonishments & inquiries
  into knowledge & voluntary

. we're ordered to assist as stand
  by counsel

PAGE 41

9:45 — jury in

9:46 — st's opening st.
(def — no opening)

9:47 — Direct, Jessica Ramirez

23 yrs.
McLittom, Tejeda schools
met def at Kingsborough m.s.
· 15 yrs old
· dated 3½ yrs ▮▮▮▮▮▮
had child — chucky
together
· relationship changed
· def was physically
abusive
· called cops 2 times,
2 times no
▮▮▮▮▮▮▮, S.A. — home of def.
(on acred size
with mom + dad
· both still living
· 4-3-81 — def's d.o.b.

• incident at ████████████
11-8-98
, refused poss. of son to
her     5 day old son

· sister, Larra Ramirez,
comes
called police, fred;
def took it

· def threatens sister with
rifle, who was 8 mos
preg w Twins
shoots gun in house

· def leaves ; police arrive;
she leaves w son + sister

· reunited w def later
11-23-98
another argument at ████

· trying to leave w son to
Jasmins house
· def takes her back
inside
· beating her says
def's mother

reunited again

June '99 incident,
to Calif. 'spur of moment'
to start over
middle of night
w def's father
afraid of def — kidnapping
didn't call her
mom
def on prob — violation,
except to visit sister
in Ariz.

Roseville, Calif.
called home 1½
months later
after more
abuse
tied her up
put jumper
in her mouth

def had been
unfaithful to
kissing another

2nd
time. happened sev. times
7-29-99 approx.
was struck
w hand sev.
times.

- Threatened her life twice
  if she would leave

- def carried gun - many times
  - day of child's birth in hosp.
  - handgun
  - no explanation
  - no guns in Calif

- tells def's grandmother that she wants to
  go home; she calls cops

- moves to Texas

- some visitation w/ son; def bought
  son's clothes + other needs

- visited him in jail in past, + now
  def wanted her to lie for him

- she's afraid.

- def's mom, June, helps def kidnap
  witness by lying to wit's mom

- def - no Calif job
  — Eri-mark clk job in S.A.

- Phil Lopez Incident
  - friend of hers

- her family used Heidi Search Center

<u>**PAGE 45**</u>

↳ explain re:
Farrell's contribution
at cent. to
def — also
school records

10:15 — recess for 10
10:25 — in ct.
10:40 — ct. presents written waiver
of rt to cross
def signs

ct to inform jury
no obj def
10:42 — ct. informs jury & admonishes
that they can't consider

10:44 — no questions, released

10:45 — DIRECT, LAURA RAMIREZ
SX 162 — cert. cop. judg.
SX 162 — X
no obj.
admitted

Nov 98 — incident
birth of nephew; chucky
(as before)

she was pregnant
def orders kid stays
def gets rifle; pts at her
she's holding chucky

June grabs gun
sister hits gun up; shot
into ceiling
def runs out

Father's day 99 — incident
    sister goes to def.
    next day sister & def. gone
    Dine states
        def. & Jessica had left
    asked police help; Heidi search

10:52 — no quest.; wit. excused
DIRECT; Phillip Lopez

    31 yrs.
    Sept 15 '00 — incident
    · driving car going home 35 N.
    · car following; recog. driver
    · gun pointed at him; kid in
      def's car; + female
    · he smiles; gets shot at;
    · recognized def. (4 yrs.)
    · guesses it was 9 mm; pistol
    · 90's def.; knew as Juan
    · 3-4 shots; rapid; into
      passenger seat
    · got license #; called cops
    · did positive photo line-up

photos
car (un-examined)
5 X 164
5 X 165
5 X 166
5 X 167
168
169
170
171
172

prior confrontation much earlier:
accused of throwing cig.
at dfs nephew; threats
to smash car w bat; said
he had gun
. w dof — Emily

prior confrontation:
tatoo comp.; after threat
dof hits car w fists
O   A

SX 173
(cert copy)
judge
no obj

11.10  no ques., accused
— Direct, Charles Hunt
SAPD, off; 18 yrs.

2-2-98 incident ▓▓▓▓▓▓▓▓▓

some disturbance
Belcher + Mission, cops
bring suspects — 3
, he ID'd
O: A      AP —  dof ▓▓▓▓▓
SX174  cert copy  √ √          tatoo — Jessica
judg                           w/ vem. — so
                               — was juv.
                               — arrested for
                                 knife +
                                 corkscrew +
                                 wt. powder +
                               (empty) 19 am. bgs.

PAGE 48

10:58  no cross.

Direct, Debra Espinosa

· met 10-31-03 - def.
· def talked about robbing people for a
  living
         · him + Frank chose wetbacks
           coming home from bars.
· def just out of jail within months
· def - said he'd rather be institutionalized
  she was add. to meth - for 9 yrs.
         · was prost. - to pay for meth.
              planned
· she [assisted] him in robbery in st; she was
  to distract owner in sex
              · no robbery - she got scared
                · def didn't want to get caught

              · one wk before cap. mind.
              · def got mad; broke up w/ her;
                "you're not fucking down, etc."
              · 2nd time

· 1st time - she getaway while FG + JC
  robbed I-stop; inside job w/ girl;
       vests, bullet proof
              · guns,
              · she backs out again
              · goal - lot of money
              · job w/ Carlos Castillo also
                · ski masks transferred

PAGE 49

SX 175 photo Carlos' car ✓  O  A
    used in I-Hop
    robb.; driver-
    Carlos
        (no obj)

def. was going to do't (risky) he
    didn't give a fuck; would be
    bigger than fucking around
    w/ these mojados

def. didn't do drugs; only sober
    one among his friends

IHop - not done; discussed
    afterwards at Carlos' apt

3rd PLAN — at Carlos' home
    plan to drive around to
    (find victim.
        · she backed out
        · def got mad

4th Plan
    · to Burg house; house
    invasion; def & 2 others;
    tied them up; victims
    were drug dealers; stabbed
    them for no reason
        · got; weed + money

GAS STATION INCIDENT
· sale of mari; offer
· Gilbert w/ them
· guy runs; Juan & Gilbert beat seller
· def's youngest in car, 2 yrs. old
· def. said — said son needs
to see this

def wanted capital to sell drugs
def lived at mom's house or Carlos apt.
or at motels or D.E.'s friends
— def didn't steal

· def. admitted gun chgs; asslt 1st wife;
robberies.
· bragged how he beat every
single case
· still carried gun
· parole

· def drove uncontrollably
· ran stop signs & red lights
· "fuck stop signs"
· "I don't know how we're
still alive today"

· agreed with cop case — was scared
of def.
· cap. case was the worst

11:46  no cross; recess to 1:15 P.M.

1:32 - (def wants to keep rep.
      self.)
1:34 - judge in
     - jury in
     - Direct, Crisalla Castillo.

          26 yrs.
          ex wf of def
          met March '00 or Jan '00
                at friend's house
          became lovers in 2 mos
          def goes to jail April — July '00
          resume relat.
          2 kids ~                              ?
               Jacob — 9
                    Father — Henry
                              Reina
                              Sep. '99
                         — has
                              custody
               Julian — 12-11-01
                    Father — def.
     married March '02
     jail May '01 to April '02
          def in jail
     Then def lives w/ mom
     she's living w/ her mom
     Then she moves w/ def / w kids

     June 29 '02 — INCIDENT
          arrested w/ sister + def
          forgery; ck
          cks from Eddie
               stolen from car
          used sis., Crystal, who had
     acc't w/ bank
     def knew

                              PAGE 52

- attempt to negotiate; arrest
- no sentence for def
  - was arrested 2 days later

- never saw def w bullet proof vest —
  - knew he had one

5×176 — photos ✓ ✓ → shorter folder
  vested; Juan
  & Jacob & man
  - she was angry upon seeing photo
  - 7-2-02 date on photo
  - kid — 6 yrs old
  - tatoo — left shoulder — electric chair (obtain between Apul — July '02)
- saw def carrying gun
- mer side — owned by father
  tatoo on left arm — portrait of Chucky

helped buy bullet proof vests
- def arrested 7-20-02 for guns & vests

1:55 (female juror sleeping)

mtk oct 03 granted again, L Hers
def out at that time since Sept '03

- continued to visit def w son

2:00 — no cross; excused

PAGE 53

John

Direct, Off, Corona
SAPD, 9½ yrs, patrol

- Incident = 7-20-02
- arrest for vest & firearms
  (fed case)
  Forrest St. & Nogalitos
  Mer Sable int. 4 dr
- driven by def. who had
  warrant; alone in car
  (same arrested)
2:05 (prov nodding)

- inventory of car — 2
  vests & ammo in trunk
  40 cal. handgun
  20 rnds.
  spent shell casing in
  rt. seat, window
  outside left
  pistol in rear seat,
  9mm, Jennings
- 2nd firearm found
  pistol; 40 cal.
  guns loaded & chambered

2:13  no x-exm, excused
- Direct, Monica Garza (nee Alonzo)
  evid tech
  SAPD, 5½ yrs.
  re 7-20-02 incident above

(.same
2:15 — (juror nodding)

2:20 — 2 parks to keep St. 404(b), 37.07, notice (?)
— I agree

St. 17? — 9 mm gun                    O A
St.                                         evid
St.                                         seized
St.

St. 18) — 9 mm gun
St. 20 — sports medallions

┌─────────┐
│ not     │
│ offered │        back
│ (20.1)  │        to tel. dept
└─────────┘

3:00 — no cross
— Direct, Henry Reina

27 yr., 5 kids

— son — Jacob Reina 9 yrs
who lives w/ his
mom, Priscilla, who
is married to df.
— he now has custody
since '04

— born deaf. has
cochlial implant

**PAGE 55**

was SX 176
(witness crying)

3:13 - no cross
- Direct, Francisco Gonzalez
- 2 robberies — him + def — drunks
· def always had 9 mm or glock
· had drug habit
· never robbed till met def
· was present at 7-20-02 incident
· re 1st stop plan → inside job — for 10-15k
· 1 mo before sup. ware
· def admitted
      · stabbing in Rocke Caliente
      · shooting at car
      · shooting drug dealer

3:30 - no cross
- Direct, Manuel Alvarez
· Sheriff custodian : prints
· records of time in jail by def

3:40 - break for 6 min.
3:47 - exhibits admitted re
        booking dates

Ex 202    Records    on

Ex 217
218 — fed jdg

4:00 — no cross
— st. rests

4:15 recess till 10:45

9-1-05    8:00

• Jack Ferrell
no show
def still desires
to rep self
despite my +
Bill's warning
Jack Ferrell's
North of Austin —
2 hrs arrival —
1:30 P.M.

11:08 — judge in
— no def. evid.

11:10 — def rests
— close/close
— recess to 12:30
• chy. con.
• no chy by def to chy.

12:00 — in ct

11:30 — Ferrell — staff error in message
relordation
— on stand by

12:35 — Judge in
— def — no arg.
— st. — 20 min.

12:42 — jury in
— chg read

12:51 — st's opening.

1:05 — jury deliberates

PAGE 58

Pun.
Argument

- Son cared for

- employed at Eri-Mart in S.A.

- told D.E. that he preferred to be locked up

- def didn't do drugs; tried to help D.E. stop drugs

- good to D.E.'s kids

- inference — def was taught how to be anti-social (from gas station incident)

- Priscilla Castillo + son continue to visit J.C. as of last wk at jail

- no confrontations with def. in dealing with transfer of child, Jacob Reina

- many times in jail for "freeworld" offenses — no jail society offenses

**LAST PAGE**

```
9:00 - 12:30 — 3.5
10:15 - 11:45 — 1.5
1:00 - 4:15 — 3.25
8:45 - 12:15 — 3.5
1:15 - 3:30 — 2.25
10:30 - 12:15 — 1.75
1:15 - 5:00 — 3.75
8:00 - 1200 — 4.00
1:00 - 5:00 — 4.00
1:00 - 3:30 — 2.5
10:00 - 11:45 — 1.75
1:00 - 4:45 — 3.75
8:15 - 12:00 — 3.75
1:00 - 5:00 — 4.00
8:00 - 11:45 — 3.75
1:00 - 4:45 — 3.75
8:30 - 11:45 — 3.25
1:00 - 4:00 — 3.00
1:00 - 500 — 4.00
8:15 - 11:45 — 3.5
1:00 —
```

INSIDE BACK COVER

# Exhibit 10

**ATTORNEY'S FEES EXPENSE CLAIM FORM - DISTRICT COURT, BEXAR COUNTY REV'D 09/04**

**PERSONAL INFORMATION**

1. **NAME AND MAILING ADDRESS** (Number) (Street) (Suite) (City) (State) (Zip)

2. **SOCIAL SECURITY NUMBER** · **TELEPHONE NUMBER**

3. **DISTRICT COURT** | 6. **PERSON REPRESENTED AND SID** | 7. **CAUSE NO(S):**

8. **OFFENSE(S) CHARGED:** | 9. **OFFENSE DATE:** 12-3-02

10. **PROCEEDING AND DISPOSITION (DESCRIBE BRIEFLY):**

**CLAIM FOR SERVICES AND EXPENSES**

11. **Payment Category**
□ Capital □ Second Degree □ 11.071 DR Writ
□ First Degree □ Third Degree, SJF

12. **Person Represented**
□ Adult Defendant
□ Appellee
□ Appellant

| IN COURT APPEARANCE | NUMBER OF HOURS | HOURLY RATE/FLAT FEE | AMOUNT |
|---|---|---|---|
| Cr – Appearance | | $75 | |
| (R – cell, Routine Appearances) | | | |
| Extraordinary Hearing (Pre Trial Hearing, MTRP - Testimony taken) | /·O | Capital 1st chair - $125 / 2nd chair - $115 | 1st - $100 / 2nd - $85 / 3rd, SJF - $75 |
| Trial | | Capital · YO 1st - $100 ·Trial $150 / 2nd - $90 $140 | 1st - $125 / 2nd - $100 / 3rd, SJF - $75 |
| Flat Fees for Pleas | n/a | Capital 1st - $3500 / 2nd - $2500 | 1st - $750 / 2nd - $500 / 3rd, SJF - $400 |
| Flat Fees for MTR's | | Capital 1st - $500 / 2nd - $2500 | 1st - $500 / 2nd - $225 / 3rd, SJF - $175 |

| OUT OF COURT SERVICES | NUMBER OF HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Initial Jail Visit (one time only payment) | n/a | | |
| Other Schedules - 30 hrs; Capital - 100 hrs; Without prior court approval; Not to exceed: 1* - $750; 2* - $500 | 145.75 | Capital 1* - $75 / $80 | 2* - $60 / 3*, SJF - $50 |
| **OTHER** | | $100 (FLAT FEE) | |

| | | Other Schedules o/t 1* - $75 hr / 2* - $60 hr / 3*, SJF - $50 hr | |
| At___ and PDR's; Not to exceed: Capital - 100 hrs; Capital - $15,000; Other Schedules - $6,500; Investigator fees. Attach a copy of order approving appointment. Need prior approval to exceed the following maximums: 1* - $750; 2* - $500; 3*, SJF - $300; Capital - $1500.00 | | Capital o/t - $150 hr / 1/6 - $200 hr | o/t 1*, SJF - $50 hr / 1/6 - $150 hr |

**TOTAL** $____

[CERTIFICATION]

I, _____ Attorney at Law, swear that having been duly appointed, I personally represented the above-named defendant and that the foregoing facts are true and correct. I further swear or affirm that I have not received and will not receive any money or anything else of value for representing the accused, except as approved by the Court in writing.

_____
Attorney Signature

SWORN AND SUBSCRIBED before me, this the ___ day of ___, 20___

APPROVED in the total amount of $ _____
1* - $750; 2* - $500; Comment:_____

* In the event of a dispute this voucher may be submitted to a peer review committee for resolution.

_____
Clerk/Coordinator of the Court

_____
Judge Presiding

STATE OF TEXAS                              186ᵗʰ DISTRICT COURT

COUNTY OF BEXAR

## APPOINTMENT OF ATTORNEY

The court in accordance with Article 26.04 Code of Criminal Procedure, as

amended hereby appoints: Vincent D. Callahan

attorney, to represent Juan Castillo , defendant, in

cause number(s) MC 927854

Such representation to continue until charges are dismissed, the defendant is

acquitted, appeals are exhausted, or until relieved by the court or replaced by other

counsel.

Performance of duties under this order of appointment will result in submission of

your claim for payment by submitting a payment voucher for court approval.

Notified of appointment on the 11th day of Dec , 2003.

Signed this 11th day of Dec , 2003.

_____
Judge

# IN COURT HOURLY WORKSHEET

ATTORNEY NAME Juan Castillo

CAUSE NO. 7-14-794 off. date
12-3-04

2004-CR-1461-A

| Date | Brief Description of Services | Court Appearances | Motions and/or Other/Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|------|------------------------------|-------------------|-------------------------------------------|--------------------|-------|--------------------|---------------|-------|
| 7-5-05 | Pre-Trial Hearing | | 1.0 | | | | | |
| 7-15 | Gen. Voir Dire | | | | | | | 4.25 |
| 7-26 | 2nd. Voir Dire | | | | | | | 5.00 |
| 7-27 | " | | | | | | | 6.00 |
| 7-28 | " | | | | | | | 5.25 |
| 8-2 | " | | | | | | | 6.75 |
| 8-3 | " | | | | | | | 2.25 |
| 8-4 | " | | | | | | | 5.25 |
| 8-5 | " | | | | | | | 6.25 |
| 8-9 | " | | | | | | | 5.25 |
| 8-10 | " | | | | | | | 5.00 |
| 8-11 | " | | | | | | | 3.25 |
| 8-12 | " | | | | | | | 6.50 |
| | | | 1.00 | | | | | 23.00 |

Note: Voucher should be itemized on 1/4 of an hour basis.

PAGE TOTAL HOURS _____

GRAND TOTAL HOURS _____

# IN COURT HOURLY WORKSHEET

ATTORNEY NAME: _V. O. (signature)_

CAUSE NO. _2002-CR-1401-9_

| Date | Brief Description of Services | Court Appearances | Motions and/or Other Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|------|------|------|------|------|------|------|------|------|
| 8-23 | Jury Trial | | | | 7.00 | | | |
| 8-24 | " | | | 5.25 | 5.25 | | | |
| 8-25 | " | | | | 3.50 | | | |
| 8-26 | " | | | | 6.50 | | | |
| 8-29 | " | | | | 1.25 | | | |
| 8-30 | " | | | | 8.75 | | | |
| 8-31 | " ; Guilty | | | 5.75 | | | | |
| 9-1 | " ; DEATH | | | 3.50 | | | | |
| | | | | | | | | |

PAGE TOTAL HOURS   9.25   42.25

GRAND TOTAL HOURS ___41.50___

Note: Voucher should be itemized on 1/4 of an hour basis.

OUT OF COURT HOURLY WORKSHEET

ATTORNEY NAME _Vincent D. Callahan (?)_

CAUSE NO. _2004-242 Harris_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|------|------|------|------|------|------|
| 4-26-02 | Conf. D. Wear | .50 | | | |
| 5-2 | Letter to client | .25 | | | |
| 5-6 | Letters to r. p. in chest | .50 | | | |
| 5-13 | '' | .50 | | | |
| 5-20 | '' | .50 | | | |
| 6-10 | Letter to cy. mother | .25 | | | |
| 6-13 | Draft motion re. trial Mgt | | | 4.0 | |
| 7-5 | Conf. co-counsel | 2.0 | | | |
| 7-8 | Letter to client | .25 | | | |
| 2-15 | Conf. co-counsel | 2.0 | | | |
| 2-20 | D.A. conf. | | 3.0 | | |
| 2-25 | Draft motions in limine | | | .50 | |
| 4-29 | Letter to co-counsel | | | | |
| 5-2 | Rev. Question. Conf. | 1.25 | | | |
| | Co-counsel | | | | |
| 5-5 | '' | .25 | .25 | | |
| 5-9 | | .25 | .25 | | |
| 8-3 | / | .25 | .25 | | |
| 8-4 | / | .25 | .25 | | |
| 8-5 | // | .25 | .25 | | |
| 8-9 | // | 18.50 | 6.75 | | |

Note: Voucher should be itemized on 1/4 of an hour basis.

5-5   4.0
5-25   18.50
5.19

PAGE TOTAL HOURS  7.0

GRAND TOTAL HOURS  26.25

26.25

OUT OF COURT HOURLY WORKSHEET

ATTORNEY NAME _V. O. Hallman_

CAUSE NO. _2012 CR 2426-19_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|------|------|------|------|------|------|
| 8-10 | " | .25 | | | |
| 8-11 | " | .25 | .25 | | |
| 8-12 | " | .75 | .25 | | |
| 8-20 | Prepare Cross Exam + Both Final Hearings | | | | 6.5 |
| 8-22 | Conf. co-counsel | 2.50 | | | |
| 8-23 | " | .50 | | | |
| 8-24 | " | .50 | | | |
| 8-25 | " Jail visit c. Brchmore | 2.00 | | | |
| 8-26 | Conf. co-counsel | .50 | | | |
| 8-30 | " | .50 | | | |
| 8-31 | " | .50 | | | |
| 9-1 | " | .50 | | | |
| 9-16 | draft + file MNT | | | 1.0 | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| **Note: Voucher should be itemized on 1/4 of an hour basis.** | | 9.75 | 2.25 | PAGE TOTAL HOURS 1.0 | 8.5 |

GRAND TOTAL HOURS _19.5_

# Exhibit 11

**ATTORNEY'S FEES EXPENSE CLAIM FORM - DISTRICT COURT, BEXAR COUNTY REV'D 09/04**

**PERSONAL INFORMATION**

| 1. NAME AND MAILING ADDRESS: | (Number) | (Street) | (Suite) | (City) | (State) | (Zip) |
|---|---|---|---|---|---|---|

2. SOCIAL SECURITY NUMBER

| 5. DISTRICT COURT | 6. PERSON REPRESENTED AND SID | 7. CAUSE NO(S). |
|---|---|---|
| | | 4. STATE BAR NUMBER |

8. OFFENSE(S) CHARGED:

9. OFFENSE DATE:

10. PROCEEDING AND DISPOSITION (DESCRIBE BRIEFLY):

**CLAIM FOR SERVICES AND EXPENSES**

11. Payment Category
□ Capital
□ First Degree
□ Second Degree
□ Third Degree, SJF
□ 11.071 DW Writ

12. Person Represented
□ Adult Defendant
□ Appellee
□ Appellant

| IN COURT APPEARANCE | NUMBER OF HOURS | HOURLY RATE/FLAT FEE | AMOUNT |
|---|---|---|---|
| Court Appearance (Docket call, Routine Appearances) | | $75 | |
| Evidentiary Hearing (Pre-Trial Hearing, MTR? - Testimony taken) | | Capital<br>1st chair - $125<br>2nd chair - $115 | |
| Trial | | Capital<br>1st - $100 -Trial - $150<br>2nd - $90 | |
| Flat Fees for Pleas | | Capital<br>1st - $3500<br>2nd - $2500 | |
| Flat Fees for MTR's | | 1st - $500 | |

| OUT OF COURT SERVICES | NUMBER OF HOURS | HOURLY RATE | AMOUNT |
|---|---|---|---|
| Initial Jail Visit (one time only payment) | | $100 (FLAT FEE) | |
| Not to exceed Capital - 100 hrs<br>Other felonies - 30 hrs<br>Without prior court approval | | Capital<br>1st - $75 | |
| OTHER | | | |
| Appeals and PDR's<br>Not to exceed<br>Capital - $15,000<br>Other felonies - $6,500 | | Capital<br>ch - $150 hr<br>½ - $200 hr | Other felonies ch:<br>T, SJF - $50 hr<br>½ - $150 hr |

Investigator fees. Attach a copy of order approving appointment.
1° - $750    2° - $500    3° - SJF - $300

Need prior approval to exceed the following maximums:

**TOTAL $ ___**

**[CERTIFICATION]**
I, ___, Attorney at Law, swear that having been duly appointed, I personally represented the above-named defendant and that the foregoing facts are true and correct. I further swear or affirm that I have not received nor will I receive any money or anything else of value for representing the accused, except as approved by the Court in writing.

_____
Attorney Signature

SWORN AND SUBSCRIBED before me, this the ___ day of ___, 20__.

APPROVED in the total amount of $___

Comments:

_____
Clerk/Coordinator of the Court

* In the event of a dispute this voucher may be submitted to a peer review committee for resolution.

Judge Presiding

IN COURT HOURLY WORKSHEET

ATTORNEY NAME

CAUSE NO.

Juan Castillo, Def.
7/14,294, 8/9. date
12-5-05

2008:12 - 1/16/-1A

| Date | Brief Description of Services | Court Appearances | Motions and/or Other Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|------|------------------------------|-------------------|-------------------------------------------|---------------------|-------|---------------------|---------------|-------|
| 7-5-05 | Pre-Trial Hearing | | 1.0 | | | | | 4.25 |
| | | | | | | | | |
| 7-15 | Gen Voir Dire | | | | | | | 5.00 |
| 7-26 | Ind. Voir Dire | | | | | | | 6.00 |
| 7-27 | " | | | | | | | 5.75 |
| 7-28 | " | | | | | | | 6.75 |
| 8-2 | " | | | | | | | 2.25 |
| 8-3 | " | | | | | | | 5.25 |
| 8-4 | " | | | | | | | 6.25 |
| 8-5 | " | | | | | | | 5.75 |
| 8-9 | " | | | | | | | 5.00 |
| 8-10 | " | | | | | | | 2.00 |
| 8-11 | " | | | | | | | 3.75 |
| 8-12 | " | | | | | | | 2.50 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Note: Voucher should be itemized on 1/4 of an hour basis.

PAGE TOTAL HOURS _____ 7.00

GRAND TOTAL HOURS _____ 62.00

# IN COURT HOURLY WORKSHEET

ATTORNEY NAME: V. O. Belfeld...

CAUSE NO. 2004-CR-1461-A

| Date | Brief Description of Services | Court Appearances | Motions and/or Other Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|------|------|------|------|------|------|------|------|------|
| 8-23 | Jury Trial | | | | 7.00 | | | |
| 8-24 | " | | | | 5.25 | | | |
| 8-25 | " | | | | 3.50 | | | |
| 8-26 | " | | | | 6.50 | | | |
| 8-29 | " | | | | 1.25 | | | |
| 8-30 | ", Guilty | | | | 8.75 | | | |
| 8-31 | " | | | 5.25 | | | | |
| 9-1 | ", DEATH | | | 3.50 | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | 9.25 | 32.25 | |

PAGE TOTAL HOURS

GRAND TOTAL HOURS 41.50

Note: Voucher should be itemized on 1/4 of an hour basis.

OUT OF COURT HOURLY WORKSHEET

**ATTORNEY NAME** _Vincent D. Callahan_

**CAUSE NO.** _2007-CR-1460-A_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief/Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 4-26-07 | Conf: D. Lamar | .50 | | | |
| 5-2 | Letter to client | .25 | | | |
| 5-6 | Letters to transcript | .50 | | | |
| 5-13 | " | .50 | | | |
| 5-20 | | .50 | | | |
| 5-20 | | .50 | | | |
| 6-10 | Letter to co matter | .25 | | | |
| 6-13 | Motion to file pretrial mot. | .25 | | | |
| 6-13 | | | | 4.0 | |
| 7-5 | Conf: co-counsel | 2.0 | | | |
| 2-8 | Letter to client | .25 | | | |
| 2-15 | Conf: co-counsel | 2.0 | | | |
| 7-10 | Public conf. | | 3.0 | | |
| 2-25 | Investigator inquiries | | | 5.0 | |
| 7-29 | Letter to co-counsel | .25 | | | |
| 8-2 | Inv: Question, conf. | .25 | .25 | | |
| 8-3 | co-counsel | .25 | .25 | | |
| 8-3 | / | .25 | .25 | | |
| 8-4 | " | .25 | .25 | | |
| 8-5 | " | .25 | .25 | | |
| 8-9 | / | / | / | | |
| | | 18.50 | 6.75 | 7.0 | |

Note: Voucher should be itemized on 1/4 of an hour basis.

**PAGE TOTAL HOURS** 7.0

**GRAND TOTAL HOURS** 26.25

# OUT OF COURT HOURLY WORKSHEET

ATTORNEY NAME _V. O. [signature]_

CAUSE NO. _2002-CR-224617-A_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 8-10 | " | .25 | .25 | | |
| 8-11 | " | .25 | .25 | | |
| 8-12 | " | .25 | .25 | | |
| 8-20 | Prepare Cross Exam + Psychical Boundary | | | | |
| 8-22 | Conf. co-counsel | 2.50 | | | |
| 8-23 | " | .50 | | | |
| 8-24 | " | .50 | | | |
| 9-25 | " + Jail visit w/ Brisione | 2.00 | | | 6.5 |
| 8-26 | Conf. co-counsel | .50 | | | |
| 8-30 | " | .50 | | | |
| 8-31 | " | .50 | | | |
| 9-1 | " | .50 | | | |
| 9-6 | Draft + file [illegible] | | | 1.0 | |

Note: Voucher should be itemized on 1/4 of an hour basis.

PAGE TOTAL HOURS _7.75_ _2.25_ _1.0_ _6.5_

GRAND TOTAL HOURS _____

STATE OF TEXAS                                186th DISTRICT COURT

COUNTY OF BEXAR

## APPOINTMENT OF ATTORNEY

The court in accordance with Article 26.04 Code of Criminal Procedure, as amended hereby appoints: Vincent D. Callahan,

attorney, to represent: Juan Castillo, defendant, in cause number(s) MC927854.

Such representation to continue until charges are dismissed, the defendant is acquitted, appeals are exhausted, or until relieved by the court or replaced by other counsel.

Performance of duties under this order of appointment will result in submission of your claim for payment by submitting a payment voucher for court approval.

Notified of appointment on the 11th day of Dec, 2003.
Signed this 11th day of Dec, 2003.

_____
Judge

# Exhibit 12

**ATTORNEY'S FEES EXPENSE CLAIM FORM - DISTRICT COURT, BEXAR COUNTY KEY'D 09/04**

**PERSONAL INFORMATION**

| 1. NAME AND MAILING ADDRESS | 2. (Number) | (Street) | (Suite) | (City) | (State) | (Zip) |
|---|---|---|---|---|---|---|

| 2. SOCIAL SECURITY NUMBER | 3. TELEPHONE NUMBER | 4. STATE BAR NUMBER |
|---|---|---|

| 5. DISTRICT COURT | 6. PERSON REPRESENTED AND SS'D. | 7. CAUSE NO(S). | 8. OFFENSE DATE: |
|---|---|---|---|

**8. OFFENSE(S) CHARGED:**

**10. PROCEEDING AND DISPOSITION (DESCRIBE BRIEFLY)**

**9. OFFENSE DATE:**

**CLAIM FOR SERVICES AND EXPENSES**

| 11. Payment Category | 12. Person Represented | |
|---|---|---|
| □ Capital | □ Adult Defendant | □ Appellant |
| or Capital | □ Appellee | |
| □ First Degree    □ Second Degree    □ 11.071 DP Writ | | |
| □ Third Degree, SJF | | |

| IN COURT APPEARANCE | NUMBER OF HOURS | HOURLY RATE/FLAT FEE | AMOUNT |
|---|---|---|---|
| **Court Appearance**<br>Docket Call, Routine Appearances) | 30 | ·$75 | 225.00 |
| Evidentiary Hearing<br>(Pre Trial Hearing, MTRP - Testimony taken) | | Capital<br>1" chair - $125<br>2" chair - $115 | 1" - $100<br>2" - $85<br>3", SJF - $75 |
| **Trial** | | Capital<br>VD 1" - $100    Trial - $150<br>2" - $90                      ·$140 | 1" - $125<br>2" - $100<br>3", SJF - $75 |
| Flat Fees for Pleas | n/a | Capital<br>1" - $3500<br>2" - $2500<br>1" - $500 | 1" - $750<br>2" - $500<br>3", SJF - $400<br>3", SJF - $175 |
| Flat Fees for MTR's | n/a | | |
| **OUT OF COURT SERVICES** | NUMBER OF HOURS | HOURLY RATE | AMOUNT |
| Initial Jail Visit (one time only payment) | n/a | Capital - $80<br>1" - $75 | Other felonies  or: 1" - $75 hr<br>2" - $60 hr<br>3", SJF - $50 hr<br>½ - $150 hr |
| Not to exceed<br>Capital - 100 hrs<br>Other felonies - 30 hrs<br>Without prior court approval | 38.75 | $100 (FLAT FEE)<br>2<br>3", SJF - $30 | 2 - $60<br>3", SJF - $30 | 3,100.00 |
| **OTHER** | | | |
| Appeals and PDRs<br>Not to exceed<br>Capital - $15,000<br>Other felonies - $6,500 | | Capital<br>or: $150 hr<br>½ - $200 hr | Other felonies  or: 1" - $75 hr<br>2" - $60 hr<br>3", SJF - $50 hr<br>½ - $150 hr | |
| Investigator Fees. Attach a copy of order approving appointment. Need prior approval to exceed the following maximum:<br>Capital - $100,000    1" - $750    2" - $500    3", SJF - $300    3", SJF - $300 | | | |
|  |  | **TOTAL  $** | 200.00 |

**[CERTIFICATION]**

I, _____ Attorney at Law, swear that having been duly appointed, I personally represented the above-named defendant and that the foregoing facts are true and correct. I further swear I affirm that I have not received nor will receive any money or anything else of value for representing the accused, except as approved by the Court in writing.

SWORN AND SUBSCRIBED before me, this the 2nd day of May 20 05

APPROVED in the total amount of $ 3625.00    Comments: _____

* In the event of a dispute this voucher may be submitted in a peer review committee for resolution.

Attorney Signature

Clerk/Coordinator of the Court

Judge Presiding

STATE OF TEXAS

186ᵗʰ DISTRICT COURT

COUNTY OF BEXAR

## APPOINTMENT OF ATTORNEY

The court in accordance with Article 26.04 Code of Criminal Procedure, as amended hereby appoints: _Vincent D. Callahan_.

attorney, to represent _Juan Castillo_, defendant, in

cause number(s) _MC927854_.

Such representation to continue until charges are dismissed, the defendant is acquitted, appeals are exhausted, or until relieved by the court or replaced by other counsel.

Performance of duties under this order of appointment will result in submission of your claim for payment by submitting a payment voucher for court approval.

Notified of appointment on the _11th_ day of _Dec_, 2003.

Signed this _11th_ day of _Dec_, 2003.

_____
Judge

## OUT OF COURT HOURLY WORKSHEET

**ATTORNEY NAME** Vincent D. Callahan

**CAUSE NO.** 2004-CR-1461-9

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 12-11-03 | Letter to client | .25 | | | |
| 12-12-03 | Conf. R. Spiegel | .25 | | | |
| 12-15-03 | Tel. visit | .50 | | | |
| 1-19-04 | Letter to client | .25 | | | |
| 1-6-04 | Docket call hearing (In court) | 1.0 | | | |
| 1-9-04 | Letter to client | .25 | | | |
| 2-2-04 | Letter to client | .25 | | | |
| 2-17-04 | Conf. R. Spiegel | | | | |
| | R. Spiegel | .50 | | | |
| 2-20-04 | Letter to client | .25 | | | |
| 3-12-04 | Memo to c. Garcia | | | | |
| | Tel. + to client | .50 | | | |
| 3-15-04 | Letter to client | .25 | | | |
| 3-1-04 | Letters/memo to client | .50 | | | |
| 3-5-04 | Brief/tel./mtg Bexar | | | | |
| | Mental health report | | | 1.0 | |

Note: Voucher should be itemized on 1/4 of an hour basis.

PAGE TOTAL HOURS 6 3/4    7 3/4

GRAND TOTAL HOURS

**OUT OF COURT HOURLY WORKSHEET**

ATTORNEY NAME _Vincent D. Callahan_

CAUSE NO. _2004-CR-1661-Y_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 3-1-04 | Discovery, review file | | 2.0 | | 2.0 |
| 3-12-04 | letters from + to client | .75 | | | |
| 3-22-04 | conf re discovery with DA's office | .25 | | | |
| 3-3-04 | Docket Call setting | 1.0 | (In Court) | | |
| 4-16-04 | letters from + to client | 1.50 | | | |
| 4-22-04 | conf. + letter to DA | | | | |
| | Discovery: $200.00 | | | | |
| | Discovery; letter to client | 2.25 | | | |
| | client | | | | |
| 5-7-04 | letters from + to client | 1.50 | | | |
| 5-11-04 | letters from + to client | | | | |
| | letter to DA, review | .75 | | | |
| 5-16-04 | letters from + to client | 1.50 | | | |
| 5-24-04 | letters from + to client | | | | |
| | letter to DA, review | 1.50 | | | |
| 5-30-04 | letter to client. Total hrs | .25 | | | |

Note: Voucher should be itemized on 1/4 of an hour basis.

PAGE TOTAL HOURS _11.4_

GRAND TOTAL HOURS _____

**OUT OF COURT HOURLY WORKSHEET**

**ATTORNEY NAME** _Vincent D. Callahan_

**CAUSE NO.** _2004-CR-1941-A_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 6-17-04 | Letters from & to client | 1.50 | | | |
| 6-17-04 | " | .50 | | | |
| 7-10-04 | Rev. court, Dr. Juddereth | .25 | | | |
| 7-16-04 | letter to J. Farrell | .50 | | | |
| 7-27-04 | Rev. Autopsy Test | | | | |
| | Results | | | | |
| 9-22-04 | letter to Inv. T Caldwell | | | | |
| | letters from & to client | .75 | | | |
| 10-1-04 | letter to J. Farrell | .25 | | | |
| 10-28-04 | letter to Inv. T Caldwell | .25 | | | |
| 11-16-04 | 2nd Discovery, Inv. memo | | 1.25 | | 1.25 |
| 11-18-04 | letter to client | 1.25 | | | |
| 12-2-04 | letter from & to client | .50 | | | |
| 12-7-04 | " | .50 | | | |
| | | | | | |

**PAGE TOTAL HOURS** _____

**GRAND TOTAL HOURS** _9 1/4_

Note: Voucher should be itemized on 1/4 of an hour basis.

**OUT OF COURT HOURLY WORKSHEET**

**ATTORNEY NAME** _Vincent D. Callahan_

**CAUSE NO.** _2004-CR-1421-9_

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 1-5-05 | Conf w/ woman | 1.75 | | | |
| 1-7-05 | Letter to Atty T.G. Bunch | 1.25 | | | |
| | Letter from + to client | .75 | | | |
| 1-12-05 | Letter to inv + client | .50 | | | |
| 1-21-05 | Letter to inv T. Gallardo | 1.25 | | | |
| 1-30-05 | Conf. ct. order re | | | | |
| | client; recv. letter- | | | | |
| | motions; letter to client | .50 | | | |
| 2-3-05 | Obtain'd rec. of wit. | | | | |
| | Carlos Deguin Castillo | .50 | | | |
| 2-4-05 | Letter to C. Castillo | .25 | | | |
| 2-7-05 | Docket call | 1.0 | (In Court) | | |
| 2-11-05 | Conf. C. Ramirez, Esq. | | | | |
| | Rev. file & letter to | 1.25 | | | |
| | client | | | | |
| 2-15-05 | Letters from + to client | | | | |
| | Letter to C.S. Castillo | 1.75 | | | |

Note: Voucher should be itemized on 1/4 of an hour basis.

**PAGE TOTAL HOURS** _6_

**GRAND TOTAL HOURS** _27_

OUT OF COURT HOURLY WORKSHEET

ATTORNEY NAME _____

CAUSE NO. _____

Note: Voucher should be itemized on 1/4 of an hour basis.

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 3-1-05 | Letter to C.J. Castillo | .25 | | | |
| 3-7-05 | " | .25 | | | |
| 3-11-05 | " - Letters from + to client, conf. D. | | | | |
| | Juror | 1.0 | | | |
| 3-18-05 | Letter to C.J. Castillo | .25 | | | |
| 3-24-05 | R/ conf. C.J. Castillo | | | | |
| | Letter to client | .75 | | | |
| 3-30-05 | Tel conf. (A-J Perez) | .50 | | | |
| 4-1-05 | Letter to C.J. Castillo | .25 | | | |
| 4-8-05 | Rev. Mental Health | | | | |
| | Findings, Letters from + to client | 1.50 | | | |
| 1-27-05 | Conf. D/ various letters from + to client | .75 | 2.75 | | |
| | | | | | |
| | | | | | |

PAGE TOTAL HOURS _____

GRAND TOTAL HOURS _____

VINCENT D. CALLAHAN
ATTORNEY AT LAW

SAN ANTONIO. TEXAS

32-61
1110
9637019351

DATE 4-23-2004

PAY TO THE
ORDER OF Tommy Caldwell                    | $ 300.00

Three Hundred and no/100                    DOLLARS

**BANK1ONE.**

Bank One, NA
Dallas, Texas 75201
www.BankOne.com

MEMO Juan Castillo

Vincent D. Jeffner

# Exhibit 13

ATTORNEY'S FEES EXPENSE CLAIM FORM - DISTRICT COURT, BEXAR COUNTY REV'D 09/04

**PERSONAL INFORMATION**

1. NAME AND MAILING ADDRESS  Jerry W. Harris, Jr. (Number) (Street) (Suite) (City) Spring Branch (State) TX (Zip) 78070

2. SOCIAL SECURITY NUMBER

3. TELEPHONE NUMBER

5. DISTRICT COURT 186 th

6. PERSON REPRESENTED AND SID: Juan Castillo

7. CAUSE NO(S): 2004-CR-1461-A

8. OFFENSE(S) CHARGED: Capital Murder

9. OFFENSE DATE: 12-03-03

10. PROCEEDING AND DISPOSITION (DESCRIBE BRIEFLY): Jury; Guilty Jury; Death

11. Payment Category: ☒ Capital ☐ First Degree ☐ Second Degree ☐ Third Degree, SJF ☐ 11.071 DP Writ

12. Person Represented: ☒ Adult Defendant ☐ Juvenile ☐ Appellee ☐ Appellant

| CLAIM FOR SERVICES AND EXPENSES | | | |
|---|---|---|---|
| IN COURT APPEARANCE | NUMBER OF HOURS | HOURLY RATE/FLAT FEE | AMOUNT |
| Court Appearance (Docket call, Routine Appearances) | | $75 | $75.00 |
| Evidentiary Hearing (Pre Trial Hearing, MTR) - Testimony taken | 1 @ $75.00 | | $75.00 |
| Trial 41½ trial 5830 VD | 100.25 | | 11,097.50 |
| Flat Fees for Pleas | n/a | | |
| Flat Fees for MTR's | n/a | | |
| OUT OF COURT SERVICES | NUMBER OF HOURS | HOURLY RATE | AMOUNT |
| Initial Jail Visit (one time only payment) | 2/03/05 | $100 (FLAT FEE) | 100.00 |
| Appeals and PDRs | 30¾ | | 2460.00 |
| OTHER | | | |

Investigator fees. Attach a copy of order approving appointment. Need prior approval to exceed the following maximums.

TOTAL $ 13,807.50

I, _____ Attorney at Law, swear that having been duly appointed...

SWORN AND SUBSCRIBED before me, this the 31st day of _____

APPROVED in the total amount of $ 13,807.50

Judge Presiding

* In the event of a dispute this voucher may be submitted to a peer review committee for resolution.

STATE OF TEXAS                          186th DISTRICT COURT

COUNTY OF BEXAR

## APPOINTMENT OF ATTORNEY

The court in accordance with Article 26.04 Code of Criminal Procedure, as

amended hereby appoints: John (Bill) Harris Jr. – 2nd Chair

attorney, to represent Juan Castillo                , defendant, in

cause number(s) 2004CR1461A – Capital Murder

Such representation to continue until charges are dismissed, the defendant is

acquitted, appeals are exhausted, or until relieved by the court or replaced by other

counsel.

Performance of duties under this order of appointment will result in submission of

your claim for payment by submitting a payment voucher for court approval.

Notified of appointment on the 27th day of Feb , 2004.

Signed this 27th day of Feb , 2004.

_Maria Trim Sun_
Judge

**IN COURT HOURLY WORKSHEET**   Page 1 of 2

**ATTORNEY NAME**  John W Haung Jp

**CAUSE NO.**  2004-CR-146(-A)

| Date | Brief Description of Services | Court Appearances | Motions and/or Other Evidentiary Hearings | Sentencing Hearing | Trial | Revocation Hearings | Appeals Court | Other |
|---|---|---|---|---|---|---|---|---|
| 3-29-04 | Trial docket | 1 | | | | | | |
| 2-07-05 | Trial docket | Did't appear | | | | | | |
| 7-05-05 | Pre-trial Motions | | 1 | [Notestimony] | | | | |
| 7-15-05 | General voir dire | Unable to attend this service | | | | | | |
| 7-26-05 | Individual voir dire | | | | 5 | | | |
| 7-27-05 | " | | | | 6 | | | |
| 7-28-05 | " | | | | 5 3/4 | | | |
| 8-02-05 | " | | | | 6 3/4 | | | |
| 8-03-05 | " | | | | 2 1/4 | | | |
| 8-04-05 | " | | | | 5 1/4 | | | |
| 8-05-05 | " | | | | 6 3/4 | | | |
| 8-09-05 | " | | | | 5 3/4 | | | |
| 8-10-05 | " | | | | 5 | | | |
| 8-11-05 | " | | | | 3 3/4 | | | |
| 8-12-05 | " | | | | 6 1/2 | | | |
| | | | | | | | | |

Note: Voucher should be itemized on an 1/4 of an hour basis.  
2 @ 75.00 = 150.00  
58 3/4 @ 90.00 = 5287.50 V.D.

**PAGE TOTAL HOURS** 60 3/4  
**GRAND TOTAL HOURS** 100 3/4

IN COURT HOURLY WORKSHEET  Page 2 of 2

ATTORNEY NAME  _John W. Horn Jr_

CAUSE NO.  _2005-CQ-1461-A_

| Date | Brief Description of Services | Court Appearances | Motions and/or Other Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|---|---|---|---|---|---|---|---|---|
| 8-23-05 | Trial by jury | | | | 7 | | | |
| 8-24-05 | " | | | | 5 1/4 | | | |
| 8-25-05 | " | | | | 3 1/2 | | | |
| 8-26-06 | " | | | | 6 1/2 | | | |
| 9-29-05 | " | | | | 1 1/4 | | | |
| 9-30-05 | " | | | | 8 3/4 | | | |
| 8-31-05 | " | | | 5 3/4 | | | | |
| 9-01-05 | " | | | 3 1/2 | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Note: Voucher should be itemized on 1/4 of an hour basis.

41 1/2 @ 140 = $5810. 60 trial
5287.50
11,097.50

PAGE TOTAL HOURS  41.5

GRAND TOTAL HOURS  108 1/4

# OUT OF COURT HOURLY WORKSHEET

(Page 1 of 2)

**ATTORNEY NAME** John W. Stavis Jr.

**CAUSE NO.** 2004-CR-1461-A

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 2-27-04 | Appointed by Court | | | | |
| 2-27-04 | Confer w/ Co-Counsel | 1/4 | | | |
| 3-05-04 | Confer w/ Co-Counsel | 1/4 | | | |
| 3-15-04 | Review State's file - DA's office | | 3 | | |
| | | | | | |
| 2-03-05 | Initial jail visit | 1 | 1 | | |
| | | | | | |
| 6-03-05 | Review State's file - DA's office | | 4 1/2 | | |
| 6-14-05 | Jail visit - client | 1 | | | |
| 7-05-05 | Confer w/ Co-Counsel | 2 | | | |
| 7-15-05 | " | 3 | | | |
| 8-02-05 | " | 1/2 | | | |
| 8-03-05 | " | 1/2 | | | |
| 8-04-05 | " | 1/2 | | | |
| 8-08-05 | " | 1/2 | | | |
| 8-09-05 | " | 1/2 | | | |
| 8-10-05 | " | 1/2 | | | |
| 8-11-05 | " | 1/2 | | | |

Note: Voucher should be itemized on 1/4 of an hour basis.

**PAGE TOTAL HOURS** 16 1/2

**GRAND TOTAL HOURS** 30 3/4

# OUT OF COURT HOURLY WORKSHEET

Page 2 of 2

**ATTORNEY NAME** _(signature)_

**CAUSE NO.** 2004-CR-1461-A

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 8-12-05 | Confer w/ co-counsel | 1/2 | | | |
| 8-16-05 | Review video tape - DA's office | | | | 2 1/4 |
| 8-17-05 | Review notes, research law | | 2 | | |
| 8-22-05 | Confer w/ co-counsel | 2 1/2 | | | |
| 8-22-05 | Trial preparation - note work | | 2 | | |
| 8-23-05 | Confer w/ co-counsel | 1/2 | | | |
| 8-24-05 | " " | 1/2 | | | |
| 8-25-05 | " " | 1/2 | | | |
| 8-26-05 | " " | 1/2 | | | |
| 8-30-05 | " " | 1/2 | | | |
| 8-31-05 | " " | 1/2 | | | |
| 9-01-05 | " " | 1/2 | | | |
| 9-01-05 | Interview Dr. Ferrell | | | | 1 |
| 10-20-05 | Drafts file w/ withdraw | | | | 1/2 |

Note: Voucher should be itemized on 1/4 of an hour basis.

30 3/4 @ $80.00 = $2460

**PAGE TOTAL HOURS:** 14 1/4

**GRAND TOTAL HOURS** 30 3/4

# Exhibit 14

# Vincent D. Callahan
## Attorney
Laurel Heights Station



memo      9-5-05
to     Bill Harris, FAX   ▓▓▓▓▓▓
from     Denny
re     Vouchers

| | | |
|---|---|---|
| Being | conservative... | |
| 7-5-05 | Conf., co-counsel | 2.0 |
| 7-15-05 | Conf., co-counsel | 2.0 |
| 8-2-05 | " | .5 |
| 8-3-05 | " | .5 |
| 8-4-05 | " | .5 |
| 8-5-05 | " | .5 |
| 8-9-05 | " | .5 |
| 8-10-05 | " | .5 |
| 8-11-05 | " | .5 |
| 8-12-05 | " | 2.5 |
| 8-22-05 | " | .5 |
| 8-23-05 | " | .5 |
| 8-24-05 | " | .5 |
| 8-25-05 | " | .5 |
| 8-26-05 | " | .5 |
| 8-30-05 | " | .5 |
| 8-31-05 | " | .5 |
| 9-1-05 | | |

14.0   Total
# 80   Rate
$ 1,120.00   Amt

# Exhibit 15

ATTORNEY'S FEES EXPENSE CLAIM FORM - DISTRICT COURT, BEXAR COUNTY REV'D 09/04

**PERSONAL INFORMATION**

1. NAME AND MAILING ADDRESS
RAYMOND E. FUCHS

(Number)          (Street)          (City)          (State)          (Zip)
SAN ANTONIO      TEXAS

2. SOCIAL SECURITY NUMBER

3. DISTRICT COURT
186 TH D.C.

6. PERSON REPRESENTED AND SID
FRANCISCO GONZALES

1. TELEPHONE NUMBER

4. STATE BAR NUMBER
07498400

7. CAUSE NO(S): 2004 CR 1461 B

8. OFFENSE(S) CHARGED: CAPITAL MURDER

9. OFFENSE DATE: DECEMBER 3, 2003

10. PROCEEDING AND DISPOSITION (DESCRIBE BRIEFLY):
REDUCED TO MURDER  PLEA of GUILTY - 40 yrs TDC (DURING JURY SELECTION)

11. Payment Category
☑ Capital
☐ First Degree
☐ Second Degree
☐ Third Degree, SJF

☐ 11.071 DP Writ

12. Person Represented
☑ Adult Defendant
☐ Appellee

☐ Appellant

**CLAIM FOR SERVICES AND EXPENSES**

| IN COURT APPEARANCE | NUMBER OF HOURS | HOURLY RATE/FLAT FEE | AMOUNT |
|---|---|---|---|
| Court Appearance (Docket call, Routine Appearances) | 6.00 | Capital $75 1° chair - $125  1° - $100 2° chair - $115  2° - $85 | 450.00 |
| Evidentiary Hearing (Pre Trial Hearing, MTRP - Testimony taken) | 5.00 | Capital  1° - $125 VD $100 Trial - $150  2° - $100 2° - $90  - $140  3°, SJF - $75 | 625.00 |
| Trial | VONDIRE 54.00  TRIAL 2.00  n/a | Capital  1° - $500  1° - $500 2° - $500  2° - $500  1° - $300  2° - $225  3°, SJF - $400  3°, SJF - $175 | VD  5400.00 TRIAL  300.00 |
| Flat Fees for Plans | n/a | HOURLY RATE | AMOUNT |
| Flat Fees for MTR's | n/a | | |
| OUT OF COURT SERVICES | NUMBER OF HOURS | | AMOUNT |
| Initial Jail Visit (one time only/payment) Not to exceed Capital - 100 hrs Other felonies - 30 hrs 1st unit prior court approval | n/a | $100 (FLAT FEE) | |
| OTHER | 67.00 | Capital  1° - $80 2° - $60  1° - $75 3°, SJF - $50 | 5360.00 |
| Appeals and PDRs Not to exceed Capital - $15,000 Other felonies - $6,500 | | Capital  Other felonies  o/c 1° - $75 hr o/c - $150 hr  2° - $60 hr i/c - $200 hr  3°, SJF - $50 hr i/c  i/c - $150 hr | |
| Investigator fees. Attach a copy of order approving appointment. Need prior approval to exceed the following maximums: Capital - $1500.00  1° - $750    2° - $500    3°, SJF - $300 | | | 100.00 |

TOTAL $ 12,235.00

[CERTIFICATION]

I, RAYMOND E. FUCHS _____ Attorney at Law, swear that having been duly appointed, I personally represented the above-named defendant and that the foregoing facts are true and correct. I further swear or affirm that I have not received nor will receive any money or anything else of value for representing the accused, except as approved by the Court in writing.

_____ Attorney's Signature

SWORN AND SUBSCRIBED before me, this the 22 day of August 20 07 Comments: Okay, if part dect

_____ Clerk/Coordinator of the Court

APPROVED in the total amount of $ 12,235.00    Comments: Okay, if part dect

_____ Judge Presiding

* In the event of a dispute this voucher may be submitted to a peer review committee for resolution.

IN COURT HOURLY WORKSHEET

**ATTORNEY NAME**   RAYMOND E. FUCHS

**CAUSE NO.**   2004 · CR · 1461 B

| Date | Brief Description of Services | Court Appearances | Motions and Other/Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other VOIR DIRE |
|------|------|------|------|------|------|------|------|------|
| 01 06 04 | PRE INDICTMENT HEARING | 1.00 | | | | | | |
| 02 06 04 | BOND REDUCTION HEARING | | 1.50 | | | | | |
| 02 27 04 | DOCKET CALL 186TH D.C. | 1.00 | | | | | | |
| 03 29 04 | DOCKET CALL 186TH D.C. | 1.00 | | | | | | |
| 03 26 04 | DOCKET RE CALL 186TH DC. | 1.00 | | | | | | |
| 02 07 05 | DOCKET CALL 186TH DC. | 1.00 | | | | | | |
| 03 30 05 | PRE TRIAL MOTIONS HEARING | | 3.50 | | | | | |
| 04 05 05 | GENERAL VOIR DIRE | | | | | | | 4.00 |
| 04 12 05 | INDIVIDUAL VOIR DIRE | | | | | | | 6.00 |
| 04 13 05 | INDIVIDUAL VOIR DIRE | | | | | | | 6.50 |
| 04 14 05 | INDIVIDUAL VOIR DIRE | | | | | | | 5.75 |
| 04 15 05 | INDIVIDUAL VOIR DIRE | | | | | | | 6.25 |
| 04 26 05 | INDIVIDUAL VOIR DIRE | | | | | | | 8.00 |
| 04 27 05 | INDIVIDUAL VOIR DIRE | | | | | | | 4.50 |
| 04 28 05 | INDIVIDUAL VOIR DIRE | | | | | | | 2.50 |
| 04 29 05 | INDIVIDUAL VOIR DIRE | | | | | | | 7.50 |
| 05 03 05 | INDIVIDUAL VOIR DIRE | | | | | | | 3.00 |
| | | 5.00 | 5.00 | | | | | 54.00 |

Note: Voucher should be itemized on ½ of an hour basis

PAGE TOTAL HOURS   64.00

GRAND TOTAL HOURS

IN COURT HOURLY WORKSHEET

ATTORNEY NAME

CAUSE NO.

RAYMOND E. FUCHS

2004. CR. 1461 B

| Date | Brief Description of Services | Court Appearances | Motions and Other Evidentiary Hearings | Sentencing Hearings | Trial | Revocation Hearings | Appeals Court | Other |
|------|------|------|------|------|------|------|------|------|
| 05.03.05 | GUILTY PLEA | | | | 1.00 | | | |
| 05.17.05 | COURT HEARING | 1.00 | | | | | | |
| 06.22.06 | SENTENCING | | | | 1.00 | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Note: Voucher should be itemized on ¼ of an hour basis | | 1.00 | | | 2.00 | | | |

PAGE TOTAL HOURS   3.00

GRAND TOTAL HOURS   67.00

OUT OF COURT HOURLY WORKSHEET

**ATTORNEY NAME** Raymond E. Fuchs

**CAUSE NO.** 2004 CR 1461 B

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 01 02 04 | Initial Jail Visit of Defendant | (on claim form - main page) | | | |
| 01 03 04 | Scene Investigation | | | | 1.50 |
| 01 05 04 | T/C with Def's wife | .50 | | | |
| 01 20 04 | Prepared & Filed Motion for Bond Red | | | 1.00 | |
| 02 03 04 | Interviewed Witnesses | 2.25 | | | |
| 02 05 04 | Conference with Def. - BCI | 1.25 | | | |
| 02 27 04 | Read State's File - D.A.'s office. | | 2.50 | | |
| 04 02 04 | Prepared & Filed Motions | | | 5.50 | |
| 04 13 04 | Prepared & Filed Ex Parte Motion | | | .75 | |
| 06 28 04 | Conference with Co. Counsel | 1.75 | | | |
| 07 13 04 | Records Research | | 1.50 | | |
| 08 05 04 | Conference with Def. - BCI | 1.25 | | | |
| 08 25 04 | Drafted & Prepared Letter for Inv. | . | | | .25 |
| 09 27 04 | Conference with Witnesses | 1.50 | | | |
| 10 06 04 | Prepared Ex Parte Motion | | | .75 | |
| 10 07 04 | Read Letter from Def. | | .25 | | |
| 10 25 04 | Conference with Psychologist | .50 | | | |
| | | 9.00 | 4.25 | 8.00 | 1.75 |

Note: Voucher should be itemized on ¼ of an hour basis.

PAGE TOTAL HOURS ___23.00___

GRAND TOTAL HOURS ___

OUT OF COURT HOURLY WORKSHEET

ATTORNEY NAME   Raymond E. Fuchs

CAUSE NO.   2004 CR 1461 B

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 11.02.04 | Read Letter from Def. | | .25 | | |
| 11.17.04 | Prepared a Filed Motion to Suppress | | | .75 | |
| 11.17.04 | T/C with Psychologist | .25 | | | |
| 11.22.04 | Read Letter from Def. | .25 | | | |
| 12.22.04 | T/C with Def's wife | .25 | | | |
| 01.21.05 | Read Letter from Def. | | .25 | | |
| 01.22.05 | Conference with Def. · BCJ | 1.25 | | | |
| 02.07.05 | Read States File (Again) | | 3.25 | | |
| 02.08.05 | Read Letter from Def. | | .25 | | |
| 03.11.05 | Prepared w Filed Ex Parte Motion | | | .75 | |
| 03.14.05 | Read States File (Again) | | 2.00 | | |
| 03.16.05 | T/C with Mitigation Expert | .25 | | | |
| 03.20.05 | Conference with Def's Family | 3.25 | | | |
| 03.21.05 | Conference with Investigator | 1.00 | | | |
| 03.21.05 | Reviewed Records of Def. | | 1.25 | | |
| 03.27.05 | T/C with Psychologist | .25 | | | |
| 04.06.05 | Received & Reviewed 404(6) evidence | | .75 | | |
| | | 6.75 | 8.00 | 1.50 | |

Note: Voucher should be itemized on ¼ of an hour basis.

PAGE TOTAL HOURS   16.25

GRAND TOTAL HOURS _____

OUT OF COURT HOURLY WORKSHEET

ATTORNEY NAME

Raymond E. Fuchs

CAUSE NO.  2004 CR. 1461 B

| Date | Brief Description of Services | Interviews and Conferences | Obtaining and Reviewing Records | Legal Research and Brief Writing | Investigative and Other Work |
|---|---|---|---|---|---|
| 04.06.05 | Scene Investigation with Ca. counsel | | | | 2.75 |
| 04.07.05 | Conference with Def.- BCJ | 1.00 | | | |
| 4.07.05 | Legal Research | | | 1.25 | |
| 04.11.05 | Reviewed Jury Questionnaires (1-24) | | 4.00 | | |
| 04.12.05 | Reviewed Jury Questionnaires (25-36) | | 1.50 | | |
| 04.13.05 | Reviewed Jury Questionnaires (37-50) | | 2.00 | | |
| 04.14.05 | Reviewed Jury Questionnaires (51-60) | | 1.50 | | |
| 04.18.05 | Conference with Witnesses | 1.75 | | | |
| 04.18.05 | Conference with Mitigation Expert | 1.50 | | | |
| 04.18.05 | Conference with Investigator | 1.25 | | | |
| 04.24.05 | Conference with Mitigation Expert | .50 | | | |
| .03.05 | Prepared & Filed Motion for Record of thear. | | | .75 | |
| 08.01.05 | Conference with Def. - BCJ | | | | |
| 05.02.05 | Conference with Def & A.D.A. | 3.25 | | | |
| 06.21.06 | Conference with Def. BCJ | 1.25 | | | |
| | | | | | |
| | | | | | |
| | | 10.50 | 9.00 | 2.00 | 2.75 |

Note: Voucher should be itemized on ¼ of an hour basis.

PAGE TOTAL HOURS   24.25

GRAND TOTAL HOURS   63.50