UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JUAN EDWARD CASTILLO, <br> TDCJ No. 999502, | § § § | |
| Petitioner, | § § | CIVIL NO. SA-12-CA-924-XR |
| v. | § § | * DEATH PENALTY CASE * |
| LORIE DAVIS,[1] Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, | § § § § | |
| Respondent. | § | |

## ORDER DENYING MOTION TO WITHDRAW

Pending before the Court is Petitioner Juan Edward Castillo's Motion to Withdraw Counsel of Record, filed March 10, 2017 (Docket Entry 33). Petitioner is a death-row inmate currently scheduled to be executed on May 24, 2017. Prior to the scheduling of his execution date, Petitioner unsuccessfully sought both state and federal habeas corpus relief. His post-conviction challenges culminated in the Supreme Court's denial of his petition for certiorari review in October 2016. *Castillo v. Davis*, 137 S. Ct. 279 (2016). In the one-page motion, counsel for Petitioner, Michael C. Gross, asks this Court to allow him to withdraw at this late date pursuant to his client's wishes so that some other individual or entity may represent him going forward.[2] After careful consideration, this motion is denied for the reasons discussed below.

---

[1] The previous named Respondent in this action was William Stephens. On May 1, 2016, Lorie Davis succeeded Stephens as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Davis is automatically substituted as a party.

[2] Mr. Gross wishes to discontinue his representation of Petitioner while simultaneously assuring the Court that he will file a clemency petition on Petitioner's behalf with the Texas Board of Pardons and Paroles on or before the May 3, 2017 deadline.

Pursuant to 18 U.S.C. § 3599(a)(2), a district court is required to appoint counsel for an indigent person seeking to set aside a death sentence under 28 U.S.C. § 2254. Once a court appoints an attorney under § 3599, that attorney "shall represent the defendant throughout every subsequent stage of available judicial proceedings," which includes representing the defendant throughout "all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures," as well as "competency proceedings and proceedings for executive or other clemency." *See* 18 U.S.C. § 3599(e). Under § 3599(e), a lawyer appointed to represent a capital defendant is obligated to continue representing his client until a court of competent jurisdiction grants a motion to withdraw. *Id.*; *see also Wilkins v. Davis*, 832 F.3d 547, 557-58 (5th Cir. 2016) ("[C]ounsel is authorized–and indeed obligated–to continue representing the defendant until the court permits him to withdraw.").

In evaluating motions to substitute counsel under § 3599, the appropriate standard is the "interest of justice" standard set forth in *Martel v. Clair*, 565 U.S. 648, 658 (2012). *Battaglia v. Stephens*, 824 F.3d 470, 472 (5th Cir. 2016). Factors to be considered include "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint." *Id.* As a general matter, counsel will not be permitted to withdraw absent a showing of "good cause" for the withdrawal. *United States v. Austin*, 812 F.3d 453, 456 (5th Cir. 2016) (citing *United States v. Wild*, 92 F.3d 304, 307 (5th Cir. 1996)). When requesting to withdraw, an attorney should provide a detailed explanation of the reasons he believes that "good cause" exists for him to withdraw as counsel. *Wild*, 92 F.3d at 307; *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court." *United States v. Conlan*, 786 F.3d 380, 390 (5th Cir. 2015) (internal quotation marks omitted).

Here, current counsel for Petitioner, Michael Gross, has made no attempt to establish good cause for his withdrawal. Instead, he cites a letter he received from Petitioner (dated the same day as the instant motion) requesting that he recuse himself so that Petitioner could obtain someone else to handle his case. (Docket Entry 33). Neither counsel nor Petitioner appears to explain the necessity of this change other than Petitioner's desire for a different attorney. But a defendant "does not have an absolute right to counsel of his choice." *Austin*, 812 F.3d at 456 (citing *United States v. Paternostro*, 966 F. 2d 907, 912 (5th Cir. 1992)). Without any explanation as to why new counsel is necessary at this late juncture, Petitioner is not entitled to have this Court allow the withdrawal of his current federal habeas counsel in anticipation of the appearance, at some unspecified date in the future, of another unidentified attorney. *See United States v. Romans*, 823 F.3d 299, 312 (5th Cir. 2016) ("In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict.") (citations omitted).

Mr. Gross was appointed as Petitioner's federal habeas counsel in October 2012 (Docket Entry 3) and has represented Petitioner ably throughout his federal habeas proceedings. There is no question he has a broad and incomparable knowledge of this case. Neither Mr. Gross nor the Petitioner has identified with specificity any irreconcilable conflict or breakdown in communication between Petitioner and his current federal habeas counsel. Because no sufficient reason is before the Court to allow counsel to withdraw from this case, Mr. Gross is obligated to continue his representation of Petitioner.

It is therefore **ORDERED** that Petitioner's Motion to Withdraw as Attorney (Docket Entry 33) is **DENIED**.

SIGNED this 15th day of March, 2017.

_/s/ Xavier Rodriguez_
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE